## SMITH vs. JUSTICE.

In the sale of a horse, where it is bought for use in a particular manner, and the vendor, knowing that fact, represents that the horse is all right, to induce the vendee to purchase, and the latter purchases relying on such statement, the representation amounts to a warranty not only of soundness but that the horse is reasonably fit for the use intended.

Where the defendant asked an instruction that the jury must find in his favor if they should find that he "did not intend to warrant," &c., the court properly modified it by striking out the words "intend to," so that it would read, "if he did not warrant," &c.

If a party make such representations at the sale as amount to a warranty, he cannot avoid their effect by showing that he did not intend to warrant.

APPEAL from the Circuit Court for *Dodge* County.

This suit was commenced before a justice of the peace. The complaint alleged that the plaintiff bought a horse of

the defendant for $150, the defendant representing at the time that the horse was sound and gentle in harness, whereas the horse was then unsound and ungovernable in harness, as the defendant well knew, to the plaintiff's damage, &c. Verdict and judgment for plaintiff.

*Smith & Ordway*, for the appellant:

1. A warranty implies a contract, " a mutual assent, where both parties propose and mean the same thing in the same sense." 1 Parsons on Con., 6; *McFarland vs. Newman*, 9 Watts, 55; 1 Smith's Lead. C., note to *Chandler vs. Lopus*, 229, and cases cited; *Borrekins vs. Bevans*, 3 Rawle, 23; *Jackson vs. Wetherill*, 7 Serg. & R., 480; *Hargous vs. Stone*, 1 Seld., 89; *Williams vs. Slaughter*, 3 Wis., 347. 2. The court erred in refusing to charge the jury as requested. As the word " warranty" was not used by the parties, it was material that the jury should pass on the question of intention. *Power vs. Bashen*, 4 Ad. & E., 473; *Shepard vs. Kain*, 5 B. & A., 240; 2 New. & Man., 446; 10 Wend., 413.

*Sloan & McFetridge*, for respondent:

An affirmation of the vendor, concerning the quality of the thing sold, made as an inducement to the purchase, and upon which the other party relies, constitutes a warranty. 9 N. H., 111; 10 Wend., 411; 4 Cow., 440. 2. The law fixes the intent when the necessary words are used.

*By the Court*, PAINE, J. This action was for a breach of warranty in the sale of a horse. The complaint was criticised somewhat by the counsel for the appellant, upon the ground that it did not sufficiently appear whether the action was for a breach of warranty or for fraud and deceit. No question was made as to the sufficiency of the complaint in the court below, and we think it sufficiently sets forth a cause of action for a breach of warranty to sustain the judgment, if there is no other objection to it.

The principal question arises upon the instruction given at the request of the plaintiff's counsel. It was that if the jury found that the defendant told the plaintiff that the horse was " all right," to induce the plaintiff to purchase, and that the plaintiff relied on the assertion of the defendant, "then it

May 15.

was an express warranty, and the plaintiff need not show that the defendant had any knowledge of the bad qualities of the mare." We suppose the law to be settled, that a positive representation with respect to the quality of the thing sold, made by the vendor and relied on by the vendee at the time of the sale, amounts to a warranty. The only question that it would seem could be made upon this instruction, is as to the meaning and effect of such a representation. And we have come to the conclusion that effect ought to be given to it, according to what the parties would fairly have understood it to mean. Undoubtedly such a representation would cover soundness. And in addition to that, where the vendee buys the horse for a particular use, which is known to the vendor, and the latter tells him " the horse is all right," such representation amounts to a warranty that the horse was reasonably fit for the use for which it was desired by the vendee. This is what the vendee would naturally understand, and the vendor must be presumed to have intended. Thus if the horse was purchased to use in harness, if the vendor said it was all right, and it was actually ungovernable in harness, though a good saddle horse, that would be a breach of the warranty. The evidence here was that the plaintiff bought the horse to use in harness, and that this was known to the defendant. The instruction, therefore, was applicable to the evidence, and was correct.

The court submitted the questions of fact fairly to the jury, and gave all the instructions asked by the defendant's counsel except one.

That one was, "that if the jury find from the evidence, that the defendant did not intend to warrant the mare, then the plaintiff cannot recover," &c. The court modified this by striking out the words "intend to," so that it would read, "if the defendant did not warrant the mare," &c. We think this also was correct. The question for the jury was, whether there was a warranty, and this was left to them under proper instructions as to what would amount to a warranty. If they should find that the defendant made such representations as would amount to a warranty, if relied on, of course this effect could not be defeated by any secret intentions he

may have had not to warrant.   It is true, the question to <span class="margin">January Term, 1861.</span> be arrived at in construing every agreement, is the intention of the parties.   But each party is bound by such intention <span class="margin">HORNEFFER v. DURESS et al.</span> as his language in making the agreement indicates.   And he cannot use language there showing one intention, and then avoid its effect by leaving to the jury the question whether he really intended it or not.   Such would have been the effect of the instruction asked for by the defendant's counsel, if given without modification, taken in connection with the previous instructions.

We see no error, and the judgment is affirmed, with costs.