## AUSTIN VS. NICKERSON.

*Pleading: Warranty.*

In an action on a note, an allegation in the answer (by the way of counter-claim) that "for the purpose of inducing the defendant to make such exchange, the plaintiff did then and there represent to the defendant that his horse was in every way sound, true, kind, gentle and quiet in harness, and that the defendant, relying upon such representations, exchanged horses with the plaintiff in pursuance of such agreement, and gave the promissory note sued on for the difference so agreed to be paid," *held* to be sufficient to authorize the jury to find that there was a *warranty*, provided they were satisfied from the evidence that the representations were so intended by the parties.

APPEAL from the County Court of *Milwaukee* County.

Action on a promissory note for $20, as the difference in plaintiff's favor in the value of two horses exchanged by the parties.   Verdict for defendant.   Motion for judgment for plaintiff *non obstante veredicto*, and also a subsequent motion for

a new trial, denied.  The grounds of the motion will appear from the opinion.  Plaintiff appealed from a judgment for defendant.

*Peter Yates*, for appellant, relied on *Stever v. Lamoure*, Sup. to Hill & Denio, 352–57; and *Jackson v. Wetherill*, 7 S. & R., 480.

*L. Wyman*, for respondent.

Cole, J.  The counsel for the plaintiff insists that the motion for judgment *non obstante veredicto* should have been granted, because the answer set up no defense—neither fraud, nor breach of warranty.  As a third defense, by way of counter-claim, it is alleged, that the plaintiff agreed to exchange a certain horse owned by him, for a horse then owned by the defendant, and that the defendant agreed to pay him, as a difference in their value, the sum of $20; "that, for the purpose of inducing the defendant to make such exchange, the plaintiff did then and there represent to the defendant that his horse was in every way sound, true, kind, gentle and quiet in harness; and that the defendant, relying upon such representations, exchanged horses with the plaintiff in pursuance of such agreement, and gave the promissory note sued on for the difference so agreed to be paid."  There is then a further averment, that the "horse was not in every respect sound, kind and gentle in harness, but on the contrary was balky, restive and ungovernable in harness, and was entirely worthless, by reason whereof the defendant has sustained damage in the sum of $100.  "Now the question is, Are these allegations sufficient to authorize the jury in finding that the representations amounted to a warranty, providing they were satisfied from the evidence that they were so intended by the parties?  It appears to us that they are.  For it seems to to us that if the jury were satisfied from the proof that the representations in regard to the horse were understood and intended at the time of the exchange to be, not a mere expres-

sion of opinion, but a positive assertion of a fact, upon which the defendant relied, it would amount to a warranty. Says Judge PARSONS, in his work upon contracts, Vol. 1, p. 579 (5th ed) : " Mere silence implies no warranty ; neither do remarks which should be construed as simple praise or commendation; but any distinct assertion or affirmation of quality made by the owner during a negotiation for the sale of a chattel, which it may be supposed was intended to cause the sale, and was operative in causing it, will be regarded either as implying or constituting a warranty." The large number of cases cited by him in notes " M" and " N," show that the statement in the text in respect to the law upon this subject is fully sustained by authority. And it is well settled that there is no particular form of words necessary to constitute a warranty ; that the word " warrant" need not be used, nor any other of precisely the same meaning. If any word of affirmation is used in such a manner as to show that the party expects or desires the other to rely upon the assertion as a matter of fact, instead of taking it as an expression of the judgment or opinion of the vendor, it amounts to a warranty. Cases cited by Mr. Parsons in notes " M" and " N," *supra*. Now the jury might possibly have found from the evidence, that the plaintiff did represent that his horse was in every way sound, true, kind, gentle and quiet in harness, upon which representation he intended the defendant should rely, and upon which the defendant did rely, in making the exchange and giving the note. If so, we are clearly of the opinion that the plaintiff was bound to make good the assertion or representation in regard to the horse. Consequently there was no error in the refusal of the court to order that judgment should be entered for the plaintiff, notwithstanding the verdict in favor of the defendant upon the matters stated as the third defense in the answer.

It is claimed that the matters set forth in the second sub-di-

vision of the answer, conclusively show that neither party would accept or rely upon the representations of the other, but that they expressly stipulated for the absolute right to insist upon a re-exchange of horses within one week, if either party was dissatisfied. The defendant does state such an agreement in this part of the answer, and alleges that he offered to fulfill it on his part, but that the plaintiff refused to carry it out. It is probable that the counter-claim for a breach of this agreement is not well pleaded, no damages being laid. But this remark does not apply to the third subdivision of the answer. That contains allegations sufficient to admit proof of a breach of warranty.

*By the Court.*—The judgment of the county court is affirmed.