NEAVE VS. ARNTZ.

*November 4 — November 21, 1882.*

APPEAL FROM J. P.   *(1) When judgment reversed on evidence.*
SALE OF CHATTELS.   *(2) Warranty.*

1. Where an appeal from the judgment of a justice of the peace is heard on the original papers and his return, a reversal of the judgment can only be sustained on the ground that the findings of fact by the justice are clearly unsupported by the evidence.
2. Any assertion or affirmation made by the seller to the purchaser, during the negotiations to effect the sale, respecting the quality of the article or the efficiency of the machine sold, will be regarded as a warranty if relied upon by the purchaser in making the purchase.

APPEAL from the Circuit Court for *Juneau* County.

The case is thus stated by Mr. Justice CASSODAY:

" This action was brought in justice's court for the breach of an alleged warranty on the sale of a reaper. On the trial the justice rendered judgment for the defendant, from which the plaintiff appealed to the circuit court, but filed no affidavit that his claim exceeded $15 in amount. Defendant testified, among other things, as stated by his counsel: ' I said [to *Neave*] I had a second-hand machine, known as the Mell Davis reaper; that it had only cut three harvests; that Davis paid $160 for it, and I thought it was a pretty good second-hand machine. I told *Neave* to look it all over; that it was just as good a cutting machine as there was in the country; to notice that I had put on a new sickle, pitman, pitman-wheel, and pinion, but that I had sent to Chicago for a cap to hold the sickle-head in place; that it could not run till that was put on; that I thought that was all that was needed; that if he should need any more extras during harvest I would furnish them free. I said, " Can you set it up yourself ? " He said he could; that he had been threshing for the last twenty years, and he could make it work if any-

Neave vs. Arntz.

body could. . . . This was Saturday.' As to the talk and occurrences in the field on Wednesday after the sale, *Arntz* testified: ' *Neave* said the machine run hard; that he didn't like it. I told him that any machine would run hard in that sand — the drive-wheel would cut down four inches into the sand. I told them in the presence of Sanford that this machine would do just as good cutting as any machine made, and that I would warrant it to do as good cutting. I never said in the field that I had warranted the machine to *Neave*, as I had never done so. I did say that I had warranted it to do as good cutting, and that it would do just as good work, as my father's machine; that is, cutting and delivering the bundles. I did tell Sanford that all of Osborne's goods were warranted, and that they furnished a written warranty with all new machines. I never told Sanford that I warranted the machine to *Neave*, and the fact is that I never in any respect warranted this machine to *Mr. Neave*.' The circuit court found that the fact of a warranty was established by a clear and even overwhelming preponderance of testimony, and that the plaintiff was entitled to recover some damages at least, and thereupon ordered and adjudged that the judgment of the justice's court be reversed, and that the plaintiff have judgment against the defendant for costs of the action, and judgment was accordingly entered, from which the defendant brings this appeal."

For the appellant there was a brief by *Winsor & Veeder*, and oral argument by *Mr. Veeder*.

For the respondent there was a brief by *A. W. Perry*, and oral argument by *J. W. Lusk*.

CASSODAY, J. No affidavit having been made that the plaintiff's claim exceeded the sum of $15, as required by sec. 3768, R. S., the appeal was necessarily heard on the original papers, and the return of the justice. Sec. 3767, R. S. This being so, the reversal of the justice's judgment upon ques-

tions of fact can only be sustained upon the ground that the findings of fact in the justice's court are clearly unsupported by the evidence. *Campbell v. Babbetts*, 53 Wis., 276. "A warranty," said Lord ABINGER, C. B., "is an express or implied statement of something which the party undertakes shall be part of a contract, and, though part of the contract, yet collateral to the express object of it." *Chanter v. Hopkins*, 4 Mees. & W., 404. Undoubtedly any assertion or affirmation made by the seller to the purchaser during the negotiations to effect the sale, respecting the quality of the article or the efficiency of the machine sold, will be regarded as a warranty if relied upon by the purchaser in making the purchase. *Smith v. Justice*, 13 Wis., 600; *Hahn v. Doolittle*, 18 Wis., 197; *Austin v. Nickerson*, 21 Wis., 544; *Giffert v. West*, 33 Wis., 621; *Elkins v. Kenyon*, 34 Wis., 93. Here the negotiations were conducted by the seller in person. The words employed were his own. Being his own, he must be deemed to have comprehended their significance. His assertions and affirmations were evidently made for the purpose of inducing the buyer to make the purchase. They were made respecting the quality and efficiency of the reaper, and clearly constituted a warranty within the rule above stated. It is true, the defendant denies having "warranted" the reaper, but he admits the statements which, in law, constitute a warranty. Having admitted the facts which, in law, constitute a warranty, his denial of the warranty is a mere denial that the law is what it is. The circuit court took the facts from the lips of the defendant, but differed with him in his conclusion of law. We agree with the circuit court in its conclusion of law, and think the defendant should not be allowed to impute error to the judge for finding the facts as he testified they were. The purchaser had a right to rely upon the truthfulness of the assertions and affirmations of the defendant, and apparently did. Confessedly the machine failed to work as represented, and hence

there was a breach of the warranty. The warranty and breach entitled the plaintiff to some damages at least. This being so, the judgment of the justice's court was properly reversed.

*By the Court.*— The judgment of the circuit court is affirmed.