White vs. Stelloh.

WHITE, Appellant, vs. STELLOH, Respondent.

*September 10 — September 24, 1889.*

SALE OF CHATTELS: WARRANTY. *(1) Instructions to jury. (2) Expression of opinion. (3) Implied warranty: Latent defects.*

1. In an action for breach of an express warranty it was not error to instruct the jury that " the question is simply, was there an express warranty made, and what was that warranty, and has there been a breach of it? If so, what is the measure of the plaintiff's damages? "
2. A mere statement by the seller, of his own opinion and belief, not amounting to a positive affirmation or statement of fact, upon a matter concerning which the purchaser is to exercise his own judgment, does not amount to a warranty.
3. A bull-calf at the time of sale having been but three months old, apparently free from defects, and present to the view of the purchaser, it cannot be held as a matter of law that his sterility, which transpired two years later, existed at the time of sale and that there was an implied warranty that at maturity he would possess the power of procreation.

White vs. Stelloh.

APPEAL from the Superior Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that July 5, 1885, the plaintiff purchased of the defendant a full-blooded Holstein bull-calf for breeding purposes, then about three months old, and to all appearances free from any defects, and paid therefor, by way of note (which he subsequently paid), $100; that October 5, 1887, the plaintiff commenced this action in justice's court, and in his complaint alleged in effect that at the time of the said purchase the defendant falsely represented said calf to be fit for breeding purposes in every respect; that the plaintiff, relying upon such representations, bought the same for breeding purposes and for the purpose of improving his stock; that as a matter of fact said calf was not, at the time of said purchase, fit for breeding purposes, but was a stag, and of no value for such purposes; that he was barren and worthless for breeding purposes, whereby the plaintiff was damaged in the sum of $150; that July 25, 1887, and before the commencement of this action, he offered to return said animal to the defendant and demanded back the price paid therefor, but the defendant refused to accept the same or return the purchase price. The defendant answered by a general denial.

In the justice's court judgment was rendered in favor of the defendant, and at the close of the trial on the appeal therefrom the jury returned a verdict in favor of the defendant. From the judgment entered upon the verdict the plaintiff appeals.

For the appellant there was a brief by *Clarke & McAuliffe*, and oral argument by *J. M. Clarke*. They contended, *inter alia*, that there was an implied warranty, under the rule that when a dealer sells an article in which he deals, to be used for a particular purpose of which he is notified at the time by the purchaser, he warrants it as free from

latent defects rendering it unfit for that purpose. *Leopold v. Van Kirk*, 27 Wis. 152; *Locke v. Williamson*, 40 id. 377. "Any distinct assertion or affirmation of quality made by the owner *during a negotiation* for the sale of a chattel, which it may be supposed was intended to cause the sale and was operative in causing it, will be regarded either as implying or as constituting a warranty. If such affirmation was made in good faith it is still a warranty, and if made with a knowledge of its falsity it is a warranty and it is also a fraud." 1 Parsons on Contracts (7th ed.), 621. This court has adopted the same rule. *Hahn v. Doolittle*, 18 Wis. 196; *Austin v. Nickerson*, 21 id. 544; *Giffert v. West*, 33 id. 617; *Elkins v. Kenyon*, 34 id. 93; *Neave v. Arntz*, 56 id. 174; *Tenney v. Cowles*, 67 id. 594.

For the respondent there was a brief by *Henderson & Williams*, and oral argument by *F. W. Henderson*.

CASSODAY, J. The only cause of action alleged in the complaint is the breach of an express warranty made by the defendant at the time of the sale, to the effect that the animal in question was a bull-calf fit for breeding purposes in every respect; and that the plaintiff, relying upon such warranty, purchased him and paid the price mentioned. The defense was a general denial. Several exceptions were taken to the charge. Some of these relate to accurate statements of the issue.

Among the statements in the charge to which exception is taken, is this: "The question is simply, was there an express warranty made, and what was that warranty, and has there been a breach of it? If so, what is the measure of the plaintiff's damages?" Certainly this is no ground for exception. Nor was it error for the court to charge the jury in effect that a mere statement by the seller, of his own opinion and belief, not amounting to a positive affirmation or statement of fact, and upon a matter concerning

which the purchaser is to exercise his own judgment, does not amount to a warranty. *Tenney v. Cowles*, 67 Wis. 594. This is especially so where the court in the same connection, as here, charged the jury as follows: " An express warranty is an express statement which the party undertakes shall be a part of a contract, and, though part of a contract, yet collateral to the express object of it. Any assertion or averment by the seller to the purchaser during the negotiations to effect a sale, respecting the quality of the article or the efficiency of the property sold, will be regarded as a warranty, if relied upon by the purchaser in making the purchase. So I instruct you, gentlemen, that you must take into consideration, under all the evidence in the case, what was said by the parties at the time of the negotiations of this sale; what was their relation and understanding at that time; what did both parties fairly understand by the language that was used at the time of the sale. If you find that the defendant made an express warranty that the bull-calf would be a sure stock-getter, in order to induce the plaintiff to purchase him, and that the plaintiff relied upon such statement of the defendant, and at the time of such warranty or statement there existed a defect or unsoundness in the calf which would result in his being sterile or not a sure stock-getter, and that such was the result, then you should find for the plaintiff." These instructions are within the rules sanctioned by this court in the cases cited by the counsel for the appellant. *Neave v. Arntz*, 56 Wis. 176, and cases there cited.

But counsel strenuously contend that the court erroneously took from the jury all consideration of an implied warranty. It is true that the charge is confined to the cause of action alleged in the complaint, which is clearly the breach of an express warranty. Counsel 'requested no instruction respecting an implied warranty. The charge is simply silent respecting such a warranty. It might perhaps

be inferred from the oral argument of counsel that the un-
disputed evidence makes the defendant liable as upon an
implied warranty. But the calf was only three months old
at the time of the purchase. It is conceded that to all ap-
pearances he was free from any defects at that time. The
only evidence of any defect is that it transpired some two
years after the purchase that he then lacked the power of
procreation. The calf was present to the view of the pur-
chaser as well as the seller at the time of the purchase.
If the alleged defect existed at that time, as a matter of
fact, then the plaintiff had the same opportunity for dis-
covering it as the defendant. It has been held that where
the buyer has had an opportunity of examining the article
sold, there is no implied warranty by the seller against
*latent* defects *unknown alike* to himself and to the purchaser.
*Eagan v. Call*, 34 Pa. St. 236, 75 Am. Dec. 653; *Brantley
v. Thomas*, 73 Am. Dec. 264. Certainly we cannot hold, as
a matter of law, upon the record in this case, that the sup-
posed defect existed at the time of the purchase, and that
there was an implied warranty that the calf would, at ma-
turity, possess the power of procreation.

*By the Court.*— The judgment of the superior court of
Milwaukee county is affirmed.