Hoffman, Appellant, vs. Dixon, Respondent.

*December 19, 1899 — January 9, 1900.*

*Sales: Warranty as to identity of thing sold: Negligence.*

1.  A customer applied at a store for rape seed, and in response to an inquiry as to whether such seed was there kept for sale was informed in the affirmative by the person in charge, who produced seed as being of the kind called for, whereupon such customer purchased some of such seed, acting wholly on the faith of the representations thus made as to its character. *Held*, that the conduct of the merchant was in effect an affirmation of fact as to the character of the article offered for sale and an express warranty in that regard, whether he knew the truth in that regard or not.

2.  If a person offer an article for sale, accompanying such offer with an affirmation of fact, or acts equivalent to such affirmation, as to the identity of such article, for the purpose of making a sale thereof to another, and such other, relying on such affirmation, purchase such article, and such affirmation be false to the injury of the purchaser, he may hold the vendor liable for damages for breach of warranty or actionable fraud, without regard to whether such vendor made the affirmation knowing it to be false or not.

    [Syllabus by Marshall, J.]

Appeal from a judgment of the circuit court for Kenosha county: Frank M. Fish, Circuit Judge. *Reversed.*

Action to recover damages for breach of warranty on the following facts: Plaintiff, a farmer, by Martin L. Hoffman, Jr., his son, who was duly authorized thereto, applied to the defendant, a country merchant who kept seeds for sale, among other things, to buy some rape seed. The business on the part of the defendant was done by one of his regular clerks. Mr. Hoffman asked the clerk if they had rape seed for sale. He replied in the affirmative, whereupon Mr. Hoffman said he would take twenty-five pounds. The clerk thereupon produced a sack of seed and weighed out the desired amount in Hoffman's presence. Neither Hoffman, the clerk, the defendant, nor plaintiff knew rape seed from wild mustard seed, and each was wholly unaware of

the ignorance of the others. Hoffman purchased the seed relying upon the fact that it was produced by the clerk and sold to him as what he called for. The seed was delivered at plaintiff's farm and was there, either by him or by his authority, sowed upon his land. He did not examine the seed, and would not have been wiser if he had, as he was entirely unacquainted with the appearance of rape seed, as before indicated. He used the seed relying upon the fact that it was sold as rape seed. The seed was in fact wild mustard seed. It befouled plaintiff's land to his injury. The facts stated were established by evidence, as was the damage to plaintiff, sufficiently to enable the jury, under proper instructions, to determine the truth in regard to plaintiff's recoverable loss. A motion was made for a nonsuit at the close of the evidence, which was granted, and judgment was rendered accordingly. Plaintiff appealed.

For the appellant there was a brief by *Peter Fisher* and *O'Connor, Hammel & Schmitz*, and oral argument by *Mr. Fisher.*

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *W. C. Quarles.*

MARSHALL, J. The learned circuit judge, in granting the nonsuit, followed *Seixas v. Woods*, 2 Caines, 48, and a few other authorities in this country in harmony therewith, most of such authorities being decisions of the supreme court of Pennsylvania to the effect that, in the sale of an article, with opportunity on the party of the vendee to inspect it before purchasing, the vendor being neither the manufacturer nor producer of such article, the maxim *caveat emptor* applies both as to the quality and identity thereof. The *Seixas Case* was decided in 1804. KENT, J., who wrote the opinion, grounded the decision on *Chandelor v. Lopus*, Cro. Jac. 4, decided in 1603, where it was held that if a person sell a thing for what it is not, falsely but innocently

misrepresenting its species, no action will lie against him
to make good his representations.   The case was this: the
plaintiff sold a jewel, affirming as a fact, in order to make
the sale, that it was a bezoar stone, which it was not.   It
will be noted that the doctrine of that case is directly con-
trary to the modern rule that he who falsely affirms the ex-
istence of a material fact in regard to an article offered by
him for sale, for the purpose of making a sale thereof, which
affirmation is relied upon without negligence by the pur-
chaser, to his damage, is guilty of an actionable fraud.   As
was said by this court in effect, in *Cotzhausen v. Simon*, 47
Wis. 103, if representations by a vendor be material and
false, and the vendee rely upon them to his injury, he may
recover of the vendor on the ground of fraud the damages
he sustains thereby which are the natural and proximate
results of the wrong; and such is the case whether the
falsehood be wilful or not, for a vendor has no right to make
even a mistake in facts material to a contract except under
penalty of responding in damages.   The law is quite as well
settled in this state contrary to the ancient rule upon which
the *Seixas Case* was decided, on the subject of whether the
positive assertion of a fact, made to induce a sale, may con-
stitute a warranty, as that it may an actionable fraud, re-
gardless of any element of intentional wrong.   *Austin v.
Nickerson*, 21 Wis. 542.

This opinion might be extended to great length by a re-
view of the cases on the subject under consideration, but we
shall forego any long discussion of the matter.   The *Seixas
Case* was overruled in *Hawkins v. Pemberton*, 51 N. Y. 198.
The law as there stated has been since followed in New
York.   *White v. Miller*, 71 N. Y. 118.   In the *Hawkins Case*
it was said that the court in *Seixas v. Woods*, followed *Chande-
lor v. Lopus*, Cro. Jac. 4, the doctrine of which being that a
mere affirmation as to the character or quality of goods sold
will not constitute a warranty, and that such doctrine has

been long since overruled in this country and England; cit-
ing Hilliard, Sales, 237; 2 Kent, Comm. (Comstock's ed.), 633,
note a; 2 Smith, Lead. Cas. (5th Am. ed.), 238; *Bradford v.
Manly*, 13 Mass. 139; *Stone v. Denny*, 4 Met. 151.   The fol-
lowing cases will show that the doctrine of *Chandelor v.
Lopus* is not recognized as good law by the English courts:
*Allen v. Lake*, 83 Eng. C. L. 560, 18 Q. B. 560; *Barr v. Gib-
son*, 3 Mees. & W. 390; *Shepherd v. Kain*, 5 Barn. & Ald.
240; *Bridge v. Wain*, 1 Starkie, 505; *Power v. Barham*, 4
Adol. & E. 473.   In *Allen v. Lake* there was a sale of turnip
seeds as Skirving's Swedes.   The plants grown from such
seeds were of a kind other than the variety known as Skirv-
ing's.   The question presented was whether the sale of the
seed as being of a particular kind constituted a warranty,
and on that COLERIDGE, J., said in substance, that the state-
ment regarding the kind of seed sold, which accompanied the
sale, was a warranty, not a mere representation; that if it
were limited to an assertion that the seed was turnip seed,
it would, without doubt, constitute a warranty of the seed
being turnip seed; and on the same principle, the assertion
that the seed was turnip seed of a particular kind was an
undertaking that it should answer that description.   *White
v. Miller, supra*, referred to that as the modern and correct
doctrine, it being there said that, " a dealer who sells an
article, describing it by the name of an article of commerce,
the identity of which is not known to the purchaser, must
understand that the latter relies upon the description as a
representation by the seller that it is the thing described;
and this constitutes a warranty."

With but few exceptions, which we shall not take time
or space to refer to specifically, the judicial authorities and
the text writers as well are in harmony with the foregoing.
Biddle, Warranties, § 108.   That rule is just.   It holds a
dealer responsible for breach of contract when he sells a
thing as being of a particular kind, if it does not answer the

description, the vendee not knowing whether the vendor's representations are true or false, but relying upon them as true. There is no good reason why a dealer should be permitted to exhibit seed to his customers, asserting it to be rape seed when it is something else, and then protect himself from the consequences of his falsehood by a plea of ignorance. The injury by the deception is just as great whether it be wilful or innocent. The customer has the same right to rely upon the representation in the one case as in the other. Knowledge on the part of the vendor is not essential either to actionable fraud or a contract of warranty.

Applying the principle stated to the facts of this case, What was the contract between the parties? Upon what did their minds meet? The answer must be, that the defendant would sell to the plaintiff rape seed and that the seed delivered was of that kind. Opportunity on the part of the plaintiff to inspect does not militate against his right to insist upon the condition of the contract as to the identity of the article delivered being made good, since he relied wholly on his contract, not knowing whether the article he received answered such condition or not, and not being chargeable with negligence because he did not know. In such a case the doctrine of implied warranty does not apply, but the doctrine of express warranty does. No particular form of expression or words is necessary to make an express contract of warranty. The word "warranty" is not necessary to it. An affirmation of the fact as to the kind or quality of an article offered for sale, of which the vendee is ignorant but upon which he relies in purchasing such article, is as much a binding contract of warranty as a formal agreement using the plainest and most unequivocal language on the subject. In Benj. Sales (6th ed.), 623, 625, as conclusions from a review of authorities in this country and England, including the New York cases overruling *Seixas v. Woods*, it is said: "All agree that any positive affirmation

·of a material fact as a fact, intended by the vendor as and for a warranty, and relied upon as such, is sufficient " to constitute a warranty. " The better class of cases hold that a positive affirmation of a material fact as a fact, intended to be relied upon as such and which is so relied upon, constitutes in law a warranty, whether the vendor mentally intended to warrant or not." The latter is the doctrine of this court, as indicated by numerous cases where it has been applied. *Austin v. Nickerson*, 21 Wis. 542; *Giffert v. West*, 33 Wis. 617; *Neave v. Arntz*, 56 Wis. 174; *White v. Stelloh*, 74 Wis. 435.

It follows from the foregoing that the decision of the trial court that the doctrine of *caveat emptor* applies to the facts of this case, and that the evidence does not justify a finding that the defendant warranted the seed to plaintiff to be rape seed and that he was entitled to recover for a breach of it, was erroneous, and the nonsuit was improperly granted. .

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.