SMITH, Respondent, vs. REED, Appellant.

*January 12—February 1, 1910.*

**(1, 4)** *Appeal: Review: Questions of fact.* **(2, 3)** *Sales: Warranty: False representations: Reliance of vendee thereon: Burden of proof.*

1. Refusal of the trial court to change the jury's answer to a question in a special verdict will not be held error if there was any credible evidence to support such answer.

2. The evidence in this case is *held* sufficient to sustain a finding by the jury that the buyer of a horse did not rely upon the seller's representations as to its soundness.

3. For breach of an express warranty, given in express terms as a part of a contract of sale, the vendee may recover without proving that he relied thereon; but where a mere representation of a fact is proved, it must be shown to have been relied upon by the vendee in order to constitute a warranty.

4. Where, under sec. 2858*m*, Stats. (Laws of 1907, ch. 346), a controverted matter of fact not submitted to the jury in the special verdict is deemed to have been determined by the trial court in conformity with its judgment, such determination will not be disturbed if the evidence is conflicting.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was brought to recover on a check given by defendant to plaintiff as the purchase price of a horse. The defense was breach of warranty. The answer admitted the giving of the check and nonpayment thereof and denied that there was anything due on the check, and further answered that plaintiff warranted the horse to be sound and free from disease and that defendant relied upon such warranty and representation, and that the purchase of the horse upon the warranty and representations was the only consideration for the check, and further alleges breach of the warranty, and sets up a counterclaim for the recovery of expenses incurred in endeavoring to cure the horse.

The jury returned the following verdict:

"(1) Did the plaintiff say to the defendant, before the purchase of the horse, that the horse was all right and sound? *A.* Yes.

"(2) Did the plaintiff say to Henry before the purchase, in the presence and hearing of the defendant, that he would guarantee that the horse was all right? *A.* No.

"(3) If you answer either the first or second question 'Yes,' then did the defendant in making such purchase rely upon such representation? *A.* No.

"(4) Was the horse diseased at the time the defendant purchased her? *A.* Yes.

"(5) If you answer the last question 'Yes,' then was such disease the cause of the death of the horse? *A.* Yes.

"(6) What were the reasonable expenses for the medical treatment of said horse incurred by the defendant? Answered by the court (by consent).    $15."

The defendant moved that the answer to the third question be changed from "No" to "Yes," also for judgment on the verdict and for a new trial, which motions were denied and due exceptions taken.    The plaintiff moved for judgment on the verdict, which was granted for the sum of $140 damages and interest.    The defendant moved that the judgment so entered be corrected by deducting therefrom the sum of $15 damages, money expended in endeavoring to cure the horse, which motion was denied and due exception taken.    Judgment was entered for $140, interest, and costs, amounting in all to the sum of $221.68, from which judgment this appeal was taken.

For the appellant there was a brief by *Barbers & Beglinger,* and oral argument by *Fred Beglinger.*

For the respondent there was a brief by *Weed & Hollister,* and oral argument by *R. A. Hollister.*

KERWIN, J.    1. It is insisted that there is not sufficient evidence to support the answer to the third question, and therefore the answer should have been changed from "No" to "Yes" in accordance with the defendant's motion, and judgment given for the defendant.    A very strong argument is made by counsel for defendant to the effect that the evidence shows conclusively that the defendant did rely upon the repre-

sentations to the effect that the horse was sound and all right, and that the law applicable to the facts as established authorized a verdict for the defendant. After a careful reading of the evidence we are forced to the conclusion that the question was properly for the jury. It is true that a strong case was made tending to show that the defendant relied upon the representations to the effect that the horse was sound. The defendant testified that he relied upon them, and produced many other evidentiary facts in support of his positive evidence. But it is also true that he had the horse examined by two parties of his own choosing before he purchased; and while it appears that such examinations were not thorough and probably not sufficient to discover the unsoundness, if it could have been discovered, it cannot be said as matter of law that the defendant did not rely upon them. The defendant drove the horse before purchase, exhibited it to one Laabs, in whose opinion he had confidence, and also to a veterinary surgeon, and besides had his employee ride with plaintiff after the horse and observe its movements. It also appears from the evidence that the defendant knew that the horse appeared sluggish and called the plaintiff's attention to the fact, and was informed that this was occasioned by overwork, and that such statement misled defendant. But it does not appear that the plaintiff had knowledge of the unsoundness or that he did not believe that the work caused the sluggish disposition. It does appear that the horse had been worked considerably at farm work shortly before the sale. The defendant testified that he had a veterinary, Dr. Barnes, examine the horse because he did not rely upon his own judgment, and was satisfied with the veterinary's opinion as far as it went. Barnes called defendant's attention to the fact that the horse looked lazy and logy, but said that was characteristic of that breed of horses. Defendant also testified that he had Laabs examine the horse because he considered him a competent judge of horses and would rely upon his judgment. The foregoing

gives an idea of the character of the evidence, which we think was sufficient to sustain the finding of the jury in answering the third question as they did, and, as we have often said, deference is due to the judgment of the trial judge in sustaining the finding of the jury. *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57, and cases cited. This court has repeatedly said that where there is any credible evidence to support the verdict of a jury it cannot be disturbed. The rule has been thus stated by this court:

"The rule of this court is absolutely settled that if there is any credible evidence which to a reasonable mind can support an inference in favor of a party, the question is for the jury, and the court cannot assume to answer it, either upon motion for nonsuit or direction of verdict, or by substituting other answers after the verdict is returned." *Beyer v. St. Paul F. & M. Ins. Co., supra; Milwaukee R. M. Co. v. Hamacek,* 115 Wis. 422, 91 N. W. 1010; *Southern D. Co. v. Silva,* 125 U. S. 247, 8 Sup. Ct. 881.

We are therefore unable to say that error was committed in refusing to change the answer to the third question of the special verdict.

2. The appellant also assigns error upon the charge. The court charged the jury:

"A person who sets up the defense of warranty, as in this case, must establish by greater weight of evidence that the defendant relied upon that warranty in making the purchase, and, if he has failed to do so, you must answer the third question 'No.' "

The defendant set up an affirmative defense, namely, the representation by plaintiff that the horse was sound, and reliance upon such representation by defendant. The burden of proof was upon the defendant to establish this defense. The representation did not amount to a warranty unless relied upon by defendant. Jones, Ev. (2d ed.) § 190 (190); *Milwaukee R. M. Co. v. Hamacek,* 115 Wis. 422, 91 N. W. 1010; *Klipstein v. Raschein,* 117 Wis. 248, 94 N. W. 63; *Richard-*

*son v. Coffman,* 87 Iowa, 121, 54 N. W. 356; *Hahn v. Doolittle,* 18 Wis. 196; *Smith v. Justice,* 13 Wis. 600; *Austin v. Nickerson,* 21 Wis. 542; *Bergeler v. Michael,* 84 Wis. 627, 54 N. W. 995. The burden to establish reliance upon the representation and thus prove a warranty was upon the defendant under the repeated decisions of this and other courts; therefore the instruction was a correct statement of the law as applied to the evidence in the case. It is true that if an express warranty had been given in express terms as a part of the contract of sale, no proof of reliance thereon would have been necessary. *Shordan v. Kyler,* 87 Ind. 38; *Harrington v. Smith,* 138 Mass. 92; *Nauman v. Ullman,* 102 Wis. 92, 78 N. W. 159. But where a mere representation of fact is proved, as in the case before us, it must be shown to have been relied upon by the vendee in order to constitute a warranty. *Hoffman v. Dixon,* 105 Wis. 315, 81 N. W. 491.

3. Further error is assigned on the refusal of the court to deduct from the judgment the $15 expense incurred in endeavoring to cure the horse, on the ground that the plaintiff agreed to pay it. The testimony, however, on this point is conflicting; and, since there was no finding of the jury upon it, it must be deemed to have been determined by the court in favor of respondent and cannot be disturbed. Sec. 2858*m,* Stats. (Laws of 1907, ch. 346). There may be other grounds upon which the item should have been resolved against the defendant, but we need not consider them, since the question of fact as to whether or not plaintiff agreed to pay such expense must be deemed determined against defendant on sufficient evidence. It follows that the judgment of the court below must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.