ERNEST KRAIG *vs.* CLAYTON M. BENJAMIN.

First Judicial District, Hartford, March Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued March 4th—decided March 31st, 1930.

*David Cramer,* with whom was *John T. Hubbard,* for the appellant (plaintiff).

*Charles P. Roraback,* for the appellee (defendant).

MALTBIE, J. This is an action based upon a claimed breach of warranty growing out of a misrepresentation as to a used automobile purchased by the plaintiff from the defendant. From a judgment for the defendant the plaintiff has appealed. The plaintiff examined and rode in the car and was satisfied with it. Thereafter he purchased it. At the time of purchase the defendant or his salesman told the plaintiff that the car was a 1927 model; and the conditional bill of sale

then executed so described it. In its conclusions, however, the trial court has found that the plaintiff did not rely upon this statement as the inducing cause of his purchase but rather relied upon the appearance of the car, its demonstrated condition, and the fairness of the purchase price. Whether this finding be regarded as a statement of a primary fact, out of place among the conclusions, as it apparently is, or as a fact deduced from the subordinate facts elsewhere stated, it must stand, if for no other reason, because the appeal in no way attacks it. The trial court was correct in its ruling that if the plaintiff did not rely upon the oral representation it would not constitute a warranty. General Statutes, § 4678; *Smith* v. *Reed,* 141 Wis. 483, 124 N. W. 489; *Richardson* v. *Coffman,* 87 Iowa, 121, 54 N. W. 356; 1 Williston on Sales (2d Ed.) § 206. In this case upon the finding we cannot say that the reference in the conditional bill of sale to the model of the car was more than mere description, and hence would not in itself constitute a warranty. *Hellman* v. *Kirschner,* 191 N.Y.Supp. 202; *Anthony & Dakota Elevator Co.* v. *Princeton Roller Mill Co.,* 104 Minn. 401, 116 N. W. 935; 1 Williston on Sales (2d Ed.) § 205, p. 396. As upon the record no warranty has been proven there is no occasion to examine the other claimed errors, except to note that the ruling on evidence, of which complaint is made, was so clearly right as not to justify discussion.

There is no error.

In this opinion the other judges concurred.