**PEGASUS MANAGEMENT COMPANY, INC., Kahuna, Inc., as General Partner of Lahaina Realty Limited Partnership, Olympus Healthcare Group, Inc., and Daniel J. Kane, Plaintiffs,**

v.

**LYSSA, INC., Robko, Inc., Ginko, Inc., Amram, Inc., TRJ, Inc., Josh Manor, Inc., Michael Konig, Individually and as General Partner of HRG Realty, L.P., Scott Swamp Realty, L.P., 1312 West Main Realty, L.P., 33 Roy Street, L.P., and Bidwell Realty, L.P., Defendants.**

No. CIV.A. 95–12489–RCL.

United States District Court,
D. Massachusetts.

Feb. 6, 1998.

---

Robert P. Sherman, David R. DeVeau, Hutchins, Wheeler & Dittmar, Boston, MA, for Plaintiffs.

James J. Marcellino, McDermott, Will & Emery, Susan M. Insoft, Judith A. Goldberg, McDermott, Will & Emery, Boston, MA, for Defendants.

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO CERTIFY A STATE LAW QUESTION TO THE CONNECTICUT SUPREME COURT (# 50, filed 1/27/98)

COLLINGS, United States Magistrate Judge.

Essentially for the reasons stated in the Memorandum and Order entered this date on plaintiffs' motion for summary judgment on its contractually-based warranty claim, I decline to certify the state law question to the Connecticut Supreme Court. Nothing in the papers filed in connection with the motion to certify casts doubt on my conclusion that I am reasonably certain that, if faced with the question, on the facts of this case, the Connecticut Supreme Court would rule that the plaintiffs do not have to demonstrate reliance on the express warranties in order to recover on their claims and that the plaintiffs have not waived the express warranties. In short, I am reasonably certain that the Supreme Court of Connecticut would follow the law as stated in the cases of *CBS, Inc. v. Ziff–Davis Publishing Co.*, 75 N.Y.2d 496, 554 N.Y.S.2d 449, 553 N.E.2d 997 (1990) and *Galli v. Metz*, 973 F.2d 145 (2d Cir.1992).

I do not believe, as defendants suggest, that the case of *Rogath v. Siebenmann*, 129 F.3d 261 (2 Cir., 1997) casts any doubt on the continued viability of the holding in *Ziff–Davis*. *Rogath* is simply a restatement of the holdings in *Ziff–Davis* and *Galli;* this is reflected in the Court's holding that:

> In short, where the seller discloses up front the inaccuracy of certain of his warranties, it cannot be said that the buyer— *absent the express preservation of his rights*—believed he was purchasing the seller's promise as to the truth of the warranties.

*Rogath*, 129 F.3d at 265 (emphasis supplied).

The case of *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.*, 982 F.Supp. 302 1997 LEXIS 17887 (S.D.N.Y.1997) is also a rather straightforward application of New York law after *Ziff–Davis*. On the question of reliance, the Court ruled that "...B.C.F.'s express warranty claim fails on the question of reliance," *Id.* at 309, at 17887 *21, because the Court found that what supposedly was warranted was not part of the basis of the bargain. *Id.* In other words, in the words of the *Ziff–Davis* case, there was no "...reliance on the express warranty as being part of the bargain between the parties...." *Ziff–Davis*,

75 N.Y.2d at 503, 554 N.Y.S.2d at 453, 553 N.E.2d at 1001.

The other cases cited by the defendants are inapposite. The case of *Web Press Services Corp. v. New London Motors, Inc.*, 205 Conn. 479, 533 A.2d 1211 (1987) merely held that reliance is not an element which plaintiff must prove in order to recover on Connecticut's consumer protection law. *Id.*, 205 Conn. at 483-4, 533 A.2d at 1214. In the case of *Tufano Motorcar, Inc. v. Equipment and Resources International Ltd.*, 1994 WL 506771, 1994 LEXIS 3285 (Conn.Super.1994), the Court was dealing with a sale of goods under the Uniform Commercial Code; reliance in not required in such a situation if the warranty becomes a part of the basis of the bargain. *Tufano*, 1994 WL 506771 at *4, 1994 LEXIS 3285 at *10. The Court concluded that no express warranties were created, and if they were, they were not breached. *Id.*, 1994 WL 506771 at *4-5, at *10-15. The case of *Kraig v. Benjamin*, 111 Conn. 297, 149 A. 687 (1930) applied the law respecting sale of goods before passage of the Uniform Commercial Code and found that no warranty was formed by an oral representation unless there was reliance. *Id.*

 On the other hand, some of the cases cited by the plaintiffs do lend some support to the Court's conclusion as to how the Connecticut Supreme Court would rule if faced with the question in the instant case. The unambiguous terms of contracts in Connecticut are enforced "unless the contract is voidable on grounds of mistake, fraud or unconscionability." *Gibson v. Capano*, 241 Conn. 725, 730-31, 699 A.2d 68, 71 (1997); *see also Patron v. Konover*, 35 Conn.App. 504, 518, 646 A.2d 901, 908 (1994). Under Connecticut law, indemnity clauses in contracts are given their plain meaning, even if the plain meaning is very broad. *Burkle v. Car and Truck Leasing Co., Inc.*, 1 Conn. App. 54, 56-57, 467 A.2d 1255, 1256-7 (1983); *Laudano v. General Motors Corp.*, 34 Conn. Supp. 684, 687-9, 388 A.2d 842, 845 (1977).

For all of these reasons, it is ORDERED that Defendant's Motion to Certify a State Law Question to the Connecticut Supreme Court (# 50) be, and the same hereby is, DENIED.