[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS TO STRIKE (#121 122)
CT Page 12078
A. Co-Opportunity's Motion to Strike — Identity Theory
The motion to strike on the ground that facts are not sufficiently alleged to support the allegations of "alter ego" liability premised on the identity theory is denied. Allegations that Coop, Inc., and Precision Wood Products were not maintained as separate entities, that funds and resources were intermingled such that independent operation was destroyed and that they were operated as a single entity such that they share a unity of interest are, if proved, sufficient to create "alter ego" liability if inequity would otherwise result. See Angelo Tomasso, Inc.v. Armor Construction Paving, Inc., 187 Conn. 544, 552-54 (1982);Davenport v. Quinn, 53 Conn. App. 282, 300 (1999).
B. Co-Opportunity's and Precision Wood Products' Motion to Strike Statutory Theft
As stated in Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 47
(2000), "an essential element of the tort of conversion is the unauthorized use of another's property. Wellington Systems, Inc. v.Redding Group, Inc., supra, 49 Conn. App. 169. Similarly, statutory theft requires that a defendant "`wrongfully'" take, obtain or hold the property of another. Suarez-Negrete v. Trotta, supra, 47 Conn. App. 520-21."
The allegation that the withholding was "wrongful" is sufficient to state the requisite element of § 52-564 (statutory theft) of the General Statutes. The motion to strike the third count as to both defendants is denied.
C. Motion to Strike Express Warranty Count
The defendants have moved to strike the fourth count, alleging violation of express warranty, because reliance on the purported warranty has not been alleged. Although reliance is not a factor in the determination of whether an express warranty has been made; cf. §42a-2-313 of the General Statutes; it is a necessary element of a cause of action to recover on a breach of express warranty. Kraig v. Benjamin,111 Conn. 297, 298 (1930). The motion to strike is granted as to the fourth count, as addressed to both defendants.
Beach, J.