WILLIAM W. EDGAR *vs.* JOSEPH BRECK AND SONS CORPORATION.

Suffolk.    November 15, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Sale — Warranty — Law and Fact — Executory Contract — Statute of Frauds — Rescission — Principal and Agent — Damages — Evidence.*

When an executory contract is made for the sale of a described article, the correspondence between which and the description cannot be ascertained until after acceptance, words which before are words of description may be found to operate as a warranty after the goods are accepted and the sale is complete.

If an oral contract is made for the sale of goods to be delivered in the future, it is immaterial that at that time it was not evidenced by a memorandum in writing, but the statute of frauds can be satisfied later as effectually as at the time, and is satisfied by delivery of the goods.

The statement on a printed bill-head, sent with seeds alleged to have been sold previously with a warranty, that the seller does not warrant seeds can have no effect unless it leads to the inference that the old contract has been rescinded and a new one substituted by mutual agreement, but whether it is evidence of a rescission or not, it does not establish one, as matter of law, and does not exclude proof of warranty.

By declaring in set-off for the price of the goods after notice of an alleged warranty by the declaration in an action for breach of the warranty, the defendant affirms the sale, whatever it turns out to be, and must take it with its burden.

If bulbs are sold for the understood purpose of raising lilies for a certain market, the measure of damages for a breach of warranty as to their species is the difference between the value of the crop which the plaintiff raised and a crop of the warranted kind.

At the trial of an action for breach of an alleged warranty in the sale of lily bulbs known as longiflorum, those of an inferior variety having been delivered, no exception lies to the exclusion of evidence of a purchase of fifty of the inferior lilies at a retail store, the witness having been allowed to state the market value of these lilies.

CONTRACT, for breach of an alleged warranty in the sale of longiflorum lily bulbs.    At the trial in the Superior Court, be-

fore *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. C. Ivy & S. H. Smith*, (*J. Lowell* with them,) for the defendant.

*C. W. Bartlett & E. R. Anderson*, for the plaintiff.

HOLMES, J.   This is an action for breach of a warranty that certain lily bulbs sold by the defendant to the plaintiff were of the kind known as longiflorum.   The case has been tried and is here on exceptions.

The first exception to. be considered is to a refusal to direct a verdict for the defendant.   The plaintiff testified that the manager of the defendant's seed department spoke to him about supplying him with bulbs for the following Easter; that the plaintiff asked about the lilies being true to name, and that the manager replied that he would supply him with those true to name, whereupon the plaintiff gave him the order.   Afterwards the bulbs were sent, and turned out to be in great part of an inferior variety (Harrisii), the bulb of which is not distinguishable from the longiflorum.

The defendant objected that the foregoing facts do not show anything importing a warranty, and, whatever their import, are no evidence of a warranty because the sale was executory, and that the plaintiff's only remedy on such a contract would be for failure to deliver the goods; that the agreement when made was within the statute of frauds, and did not become binding until the delivery of the bulbs, which were sent with a bill having a printed notice that the defendant sold no seeds with a warranty; and that there was no evidence of the agent's authority.

As to the first of these objections, we do not think it necessary to say more than that it was a question for the jury.   With regard to that based upon the sale being executory, the answer is that when an executory contract is made for the sale of a described article the correspondence between which and the description cannot be ascertained until after acceptance, words which before are words of description may be found to operate as a warranty after the goods are accepted and the sale is complete.   It would work injustice to treat an essential term of the

contract as performed or waived at a time when the purchaser still is unable to tell whether it has been performed or not. *White* v. *Miller*, 71 N. Y. 118, 129.  *Shaw* v. *Smith*, 45 Kans. 334, 338.  See *Henshaw* v. *Robins*, 9 Met. 83.

The contract was made when the parties made their oral agreement.  It does not matter that at that time it was not evidenced by a memorandum in writing.  The statute of frauds could be satisfied later as effectually as at the time.  It was satisfied by delivery of the bulbs.  The general printed warning on the bill-head that the defendant did not warrant seeds could have no effect unless it led to the inference that the old contract had been rescinded and a new one substituted by mutual agreement.  Even if the bill had been receipted it would not have excluded proof of the warranty, and whether it was evidence of a rescission or not it did not establish one as matter of law. *Atwater* v. *Clancy*, 107 Mass. 369.  *Dunham* v. *Barnes*, 9 Allen, 352.  *Hazard* v. *Loring*, 10 Cush. 267, 268.  Perhaps *Lamb* v. *Crafts*, 12 Met. 353, would prove reconcilable with the later cases, if the instrument then before the court were set out.  The case is not like *Lambeth Rope Co.* v. *Brigham*, 170 Mass. 518, 522, 523, where a series of bills were sent and received without objection, containing a term as to which, so far as appears, there had been no previous agreement, and which, as pointed out by the court, was a proposition in favor of the buyer of the goods. In that case there was nothing to prevent a presumption of the buyer's assent.

Finally, we should hesitate to say that a contract which was within the authority of an agent so long as it was an executory contract for the sale of a thing of a certain kind ceased to bind the principal after delivery, when it operated as a warranty that the thing was of that kind.  But by declaring in set-off for the price of the bulbs after notice of the alleged warranty by the declaration, the defendant affirmed the sale, whatever it turned out to be, and must take it with its burden.

Several exceptions raise the question of the measure of damages.  Evidence was admitted of the fair market value per hundred of longiflorum and of Harrisii lilies in the Easter market of 1894, and the jury were instructed that if the bulbs were sold for the understood purpose of raising lilies for that

market, the measure of damages would be the difference between the value of the crop which the plaintiff raised and a crop of longiflorums. This rule has the sanction of decisions elsewhere, and is within the principle of a recent decision by this court. *Johnston* v. *Faxon, ante,* 466. *Randall* v. *Raper,* El. Bl. & El. 84, 90. *Passinger* v. *Thorburn,* 34 N. Y. 634. *White* v. *Miller,* 71 N. Y. 118, 132, 133. *Wolcott* v. *Mount,* 7 Vroom, 262 ; *S. C.* 9 Vroom, 496.

An exception was taken to the exclusion of evidence of a purchase of fifty Harrisii lilies at a retail store, offered by the defendant to contradict the plaintiff's evidence. The witness had been allowed to state the market value of these lilies, and it is enough to say that the judge was warranted in regarding the sale as uninstructive with regard to growers' prices.

We have dealt with the questions argued and have examined the record. We are of opinion that the exceptions should be overruled.                                        *Exceptions overruled.*