JOSEPH J. BARTHELEMY v. FOLEY ELEVATOR COMPANY.[1]

January 17, 1919.

No. 20,932.

**Sale — delivery — charge to jury.**

1. The evidence justified the trial court in instructing the jury, in

[1] Reported in 170 N. W. 513.

an action growing out of the sale of seed wheat, that defendant did not deliver to plaintiff the variety of seed he bought.

**Appeal and error — review of charge to jury — failure to except in trial court.**

2. Where no exception is taken to the instructions at the time they are given and the notice of motion for a new trial does not set forth as one of the grounds therefor an alleged error in such instructions, it is too late to question their correctness for the first time on appeal.

**Sale — breach of warranty — measure of damages for fraud.**

3. The complaint alleged a warranty and a breach thereof, and that false representations were made in connection with the warranty, which were relied upon by plaintiff. The jury were correctly instructed as to the measure of damages in case they found there had been a breach of warranty, but were not instructed as to the measure of damages for fraud. *Held* that defendant was not prejudiced since its liability for damages, if the warranty was made with knowledge of its falsity, would not be less than if it made the warranty in good faith.

**Same — seed grain.**

4. Where there is a breach of warranty as to the variety of seed grain, and as a result there is a crop of different variety and smaller quantity than would have been raised had the seed been as warranted, the measure of damages is the difference in value between the crop raised and the crop that would have been raised had the seed been of the variety it was warranted to be. Moorhead v. Minneapolis Seed Co. 139 Minn. 11, followed and applied.

**Exclusion of evidence.**

5. It was not prejudicial to defendant to exclude proof that it had previously bought seed wheat which looked like and was sold as the same kind of wheat as that which it delivered to plaintiff.

Action in the district court for Benton county to recover $747.60 for false representations in the purchase of seed wheat. The facts are stated in the opinion. The case was tried before Roeser, J., and a jury which returned a verdict for $400. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*E. W. Swenson* and *R. B. Brower,* for appellant.

*J. D. Sullivan,* for respondent.

LEES, C.

Defendant is a corporation dealing in grain and seeds at Foley. Plaintiff is a farmer in that neighborhood. In March, 1915, one Feddema was defendant's agent at Foley. As such agent he then sold plaintiff 40 bushels of wheat to be sowed on his farm. The complaint alleges that in selling the wheat defendant "stated, represented and guaranteed that said seed wheat so furnished to plaintiff was genuine Marquis wheat; * * * that plaintiff * * * relied upon the statements and representations * * * that said seed wheat * * * was in fact Marquis wheat and believed said statements and representations to be true; * * * that the statements and representations so made by defendant in reference to said wheat * * * were in fact false and untrue; that said wheat * * * was not in fact Marquis wheat at all." It is alleged that plaintiff sowed the wheat upon 29½ acres of his land at the usual seeding time in the spring of 1915 and that the crop produced was only 516¼ bushels, whereas it would have been 1,228¾ bushels had the seed been Marquis wheat. Damages were laid at $747.60, sought to be recovered by this action.

The answer admitted the sale of 40 bushels of wheat to plaintiff, and alleged that defendant had reason to believe and did believe it was Marquis wheat and so represented it to plaintiff. All other material allegations of the complaint were denied. The case was tried by jury and a verdict returned in plaintiff's favor for $400. A motion for a new trial was made and denied and this appeal followed.

1. Appellant contends that the evidence presented a disputed question of fact as to whether the seed was Marquis wheat and that the court erred in not submitting the question to the jury. Defendant called but one witness, Feddema, whose testimony was that he did not know whether the seed was Marquis wheat; that he did not think it was; that he had seen a person who claimed it was Marquis wheat, but that he did not believe it was; that he bought a carload of it at Minneapolis as Marquis wheat and sold it in the belief that it was that kind of wheat, but that at the time of the trial he knew it was not Marquis wheat. Plaintiff introduced evidence showing that he got a crop of bearded wheat from the seed delivered to him and that Marquis wheat is not bearded. We

are of the opinion that the trial court was justified in assuming that this evidence did not raise an issue for the jury.

2. The next contention is that the complaint was not sufficient to sustain a verdict based on constructive fraud on the part of defendant. It does not allege that defendant knew that the seed was not Marquis wheat or that Feddema's statement that it was wheat of that variety was made with intent to deceive. It is argued that in the absence of such allegations there could be no recovery of damages for fraud, and that the court erred in submitting the question of fraud to the jury. We are not called upon to pass on this question. The record fails to disclose any exception taken at the time of the trial to the manner in which the case was submitted to the jury, and the motion for a new trial does not allege error in this respect. It is too late to raise the question for the first time on appeal. Marsh v. Webber, 13 Minn. 99 (109) ; Humphrey v. Merriam, 37 Minn. 502, 35 N. W. 365.

3. In submitting the case, the court did not instruct the jury that the measure of damages for fraud was different from that for breach of warranty. The omission to state the rule applicable in each case is assigned as error. The jury was first instructed as to the law applicable to express warranties, next as to the law applicable to false representations made by the seller at the time of making a sale of personal property, and then on the question of damages, as to which the court said: "The measure of damages in the present case is the difference between the actual value and the value the wheat would have possessed if it had conformed to the guaranty or representation." Appellant contends that, since the measure of damages for breach of an ordinary warranty is different from that for the making of false representations, the jury should have been specially instructed as to the measure of damages in the latter case. For breach of warranty in such a case as this, the rule of damages formulated in Moorhead v. Minneapolis Seed Co. 139 Minn. 11, 165 N. W. 484, L.R.A. 1918C, 391, applies and was given in substance to the jury. It conclusively appeared that plaintiff obtained only a partial crop of wheat and that it was not Marquis wheat but a different variety.

Did the court err in failing to give the jury the rule of damages applicable to cases of fraud and deceit in the sale of personal property?

The complaint sets out only one transaction, that is, the sale of the seed and the statements and representations made by defendant in connection therewith. It is true that it is alleged that these statements were false and that plaintiff relied upon and believed them. Assuming that the complaint should be construed to allege a fraudulent warranty as well as a warranty honestly made, the result under the facts appearing in this case would be the same so far as defendant's responsibility for damages is concerned. The difference between a warranty and a fraudulent representation is that the latter contains the element of deceit, whereas that element is not essential to the former. But, if the element of deceit be added to an ordinary warranty, the injured party is not deprived of the rights which would be his if this element were lacking and if the representations on which he relied were a mere warranty and nothing more. Williston, Sales, § 613. In this case plaintiff is seeking redress for the failure of the seed to conform to the warranty, which may have been made in the honest belief that it was true, or carelessly without having reasonable grounds for believing it to be true. In Magnuson v. Burgess, 124 Minn. 374, 145 N. W. 32, after stating the rule by which damages are to be measured for an ordinary breach of warranty, the court said that, in a case of fraud and deceit, damages are measured by the difference between the actual value of the property and the price paid, and such special damages as are the proximate result of the fraud. In Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292, the court said that, where damages result from a fraud, the defrauded party may be allowed to recover different and greater damages than he could have recovered viewing the fraudulent representations merely as a warranty, and that one is liable on his warranty, considered merely as such, only to the extent of his contract, whereas in a case of fraud and deceit he is liable for all the natural and proximate consequences of his fraud. In this case the right to recover damages grows out of a breach of warranty only. Whether the warranty was made in good faith or fraudulently is, therefore, immaterial since the resulting damage to plaintiff in either case is the same.

4. Feddema was asked, when testifying for defendant, whether previous to the sale to plaintiff he had bought other seed grain from dealers in Minneapolis which was represented to be Marquis wheat and which ap-

peared to be the same kind of wheat as that which was furnished to plaintiff. Objection to the question was sustained. This is specified as error. Counsel for appellant contends that this testimony should have been received, because it tended to show that the seed furnished to plaintiff was in fact Marquis wheat. It was not asserted at the trial that defendant's agent at the time of the sale did not believe that the seed was Marquis wheat. Hence it was immaterial whether, by reason of previous dealings with Minneapolis seed men, he was justified in believing that it was Marquis wheat. Neither would the proposed proof show that the seed was in fact Marquis wheat. It may have looked like wheat previously bought for Marquis wheat and still have been of a different variety. Finding no prejudicial error in the record, it follows that the order appealed from must be and it is affirmed.