CHARLES JOHNSON v. THE FOLEY MILLING & ELEVATOR COMPANY.[1]

October 15, 1920.

No. 21,841.

**Sale of seed by name — warranty.**

1. Upon a sale of seed wheat by a particular name, a warranty that the seed was of the kind named arises.

**Same — charge to jury correct.**

2. An instruction as to what will constitute a warranty that seed sold for seeding purposes is true to name, considered and *held* to be proper under the pleadings and proofs.

**Breach of warranty — measure of damages.**

3. A purchaser of seeds under a warranty of kind, is entitled to recover for the breach of such warranty, the difference between the value of the crop raised from the seed furnished and that of a crop such as would ordinarily have been raised from the seed had it been of the kind as warranted.

1Reported in 179 N. W. 488.

Action in the district court for Benton county to recover $535 for breach of warranty in the purchase of seed. The case was tried before Roeser, J., and a jury which returned a verdict for $296. From an order denying its motion for new trial, defendant appealed. Affirmed.

*Paul Ahles* and *R. B. Brower,* for appellant.

*J. D. Sullivan,* for respondent.

QUINN, J.

Action to recover damages upon the ground of a breach of warranty as to the kind of wheat furnished by the defendant to the plaintiff, pursuant to a contract between them, which contemplated that the wheat was to be used for seed upon plaintiff's farm. The contract was made orally, and, as claimed by the plaintiff, with a warranty on the part of the defendant that the wheat was "genuine Marquis wheat." There was a verdict for the plaintiff for $296. From an order denying its motion for a new trial, defendant appealed.

The contract for the sale and purchase of the wheat was made under these circumstances: The defendant was engaged in the milling and grain business at Foley, and in the spring of 1915 procured a carload of wheat for sale to the farmers in that vicinity for seed. The plaintiff is a farmer residing near Foley.

Plaintiff contends, and there was evidence offered upon the trial to bear out such contention, that he saw in a local paper an advertisement to the effect that the defendant had Marquis seed wheat for sale; that he then sent his neighbor Benofski to defendant's place of business to procure for him 25 bushels of such wheat for seed upon his farm; that Benofski accordingly went to defendant's place and inquired of its manager, Mr. Feddema, what kind of seed wheat he had; that Feddema replied that it was genuine Marquis wheat, that he bought it for Marquis wheat and that was what he was selling it for; that Benofski then purchased some of the wheat for himself and stated to Feddema that he wanted 25 bushels for Johnson (the plaintiff); that Feddema then said: "He can have 25 bushels and you tell him he has got the genuine Marquis wheat;" that Benofski took the 25 bushels, delivered it to the plaintiff and at the same time told him what Feddema had said about the kind of wheat it was; that, relying upon such statements as to the kind

of wheat, plaintiff paid the defendant $1.84 per bushel therefor and sowed the same upon his farm; that the seed proved not to be Marquis wheat, but produced a bearded variety much inferior in quality and yield than it would have produced had the seed been Marquis wheat, to his damage and loss in the sum of $535.

In its answer the defendant denies that it ever stated, represented or guaranteed to plaintiff that the grain procured by him from defendant, if any was procured, was Marquis wheat, or that the plaintiff has suffered damages by reason or on account of any act of the defendant as alleged in the complaint or otherwise.

There is testimony in the record to the effect that Marquis wheat was a beardless variety and yielded an average of 40 bushels per acre in the vicinity of Foley in 1915; that the plaintiff sowed the seed which he purchased from defendant upon 16 acres of good, new ground, with proper care and cultivation so as to raise a crop; that the crop produced therefrom was not Marquis wheat, but a bearded variety of a very inferior quality and yield.

It is urged upon this appeal by counsel for the defendant, first, that the verdict is not justified by the evidence; second, that the court erred in instructing the jury upon the question as to what constituted a warranty; and third, that the court erred in instructing the jury as to the measure of damages.

1. The doctrine that a bargain and sale of a chattel of a particular description imports a contract or warranty that the article sold is of that description, is sustained by a great weight of authority. Hawkins v. Pemberton, 51 N. Y. 198, 10 Am. Dec. 595; Dounce v. Dow, 64 N. Y. 411. And where a dealer sells an article, describing it by name, the identity of which is not known to the purchaser, he must understand that the latter relies on the description as a representation by the seller that it is the thing described. White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13. So on a sale of seed by name a warranty that the seed was of the kind named arises. White v. Miller, supra; 35 Cyc. 409; Gubner v. Vick, 6 N. Y. St. 4; 24 R. C. L. 413; Hoffman v. Dixon, 105 Wis. 315, 81 N. W. 491, 76 Am. St. 916; Rauth v. Southwest Warehouse Co. 158 Cal. 54, 109 Pac. 839; Gardner v. Winter, 117 Ky. 382, 78 S. W. 143, 63 L.R.A. 647; Van Wyck v. Allen, 69 N. Y. 61, 25 Am. Rep. 136.

See note 37 L.R.A.(N.S.) 80. We think the jury was justified under the evidence and instructions in finding that the defendant warranted the, wheat sold to the plaintiff to be Marquis wheat and that the seed delivered was not of the kind named.

2. The contention that the court erred in defining a warranty can hardly be sustained. After outlining what the claims of the parties were the court instructed the jury as follows:

"To constitute a warranty it is not necessary that the word warranty or its precise equivalent be used, nor is it necessary that it should be in writing. It is enough if the seller definitely undertakes that the thing sold shall be of a certain kind or a certain quality, and any positive statement of fact and not of opinion that this was Marquis wheat, made by Feddema to Johnson, in the course of the conversation leading to the sale, which would show that he or the company intended to bind themselves by his statements and which was understood and relied upon by the buyer, constitutes a warranty."

Again the court instructed the jury:

"If from the evidence you find that certain words were spoken under such circumstances by Feddema, representing the company, that you are satisfied that they were intended and were understood to be that the milling company undertook and contracted that this seed wheat was Marquis wheat and not another kind, and that plaintiff had the right to understand that this company intended to be bound by it as part of the contract of sale, and that plaintiff believed and relied upon such statements in making the purchase, then you may find that there was a warranty that this was Marquis wheat. If you believe, however, from all of the testimony that what was said by the parties there was not intended or taken as a warranty but as an expression of opinion or so-called trade talk, or that plaintiff bought the grain without relying on what was said or on his own inspection and judgment, then you must find that the company is not liable."

The instruction, when considered in its entirety, was as favorable to defendant as could be expected. It presented to the jury the real issue in clear and unmistakable terms, and in our opinion could have left no room for doubt in the minds of the jurors, as to what the legal rights of the parties were.

3. The measure of damages was the difference between the value of the crop raised from the seed furnished, and that of a crop such as would ordinarily have been raised from the seed had it been of the variety contracted for. Barthelemy v. Foley Elev. Co. 141 Minn. 423, 170 N. W. 513. There was no error in the instruction given upon this phase of the case.

The order appealed from is affirmed.