OSCAR BASS (OTHERWISE KNOWN AS RULL BASS), *Appellant,* v. R. H. ALDERMAN, AS TAX COLLECTOR FOR OKEE-CHOBEE COUNTY, FLORIDA, *Appellee.*

Opinion Filed December 19, 1921.

1. Where the decree of a chancellor is unsupported by and contrary to the evidence it will be reversed by this court on appeal.

2. In an equity suit brought by a property owner to restrain a tax collector from seizing personal property for the purpose of enforcing collection of a property tax assessed against such property, where the decree is against the property owner, there is no authority in this State for including in such decree an amount to be paid by such complainant property owner as attorney fees to the defendant tax collector.

An Appeal from the Circuit Court for Okeechobee County; E. B. Donnell, Judge.

Reversed.

*Johnston* & *Garrett,* for Appellant;

*George F. Parker,* for Appellee.

WEST, J.—This case is now before this court for the second time (Bass v. Alderman, 80 Fla. 345, 86 South. Rep. 244). The substance of the allegations of the bill of complaint are set out in the opinion filed when the case was here on the former appeal. It was then held that the question involved in the controversy was a proper subject of equity jurisdiction and the order overruling a demurrer to the bill was reversed. The case was remanded and defendant answered. Testimony was taken and on final

hearing a decree was entered against complainant ordering and decreeing that he pay to defendant as tax collector the amount of the tax assessed against him with interest, together with an attorney fee to defendant's counsel and costs.

By his bill complainant expresses his readiness to pay his just proportion of the taxes of said county and offers to pay such amount as may be found to be legally and justly due and legally assessable against him on said property and prays that upon payment of such amount defendant may be perpetually enjoined from levying upon and selling any of complainant's property for the purpose of enforcing payment of any amount in excess of the amount found to be due by him.

The question presented for this court's consideration is a question of fact. In making his return for the purpose of taxation complainant gave the number of cattle owned by him in said county as 2,500 head. The board of county commissioners of the county increased the number to 5,000 head. After a careful consideration of the evidence we have reached the conclusion that it is not sufficient to uphold the decree sustaining the assessment for the reason that it clearly appears that at the time of the assessment the number of cattle owned by complainant in said county was less than 5,000 head and little if any, in excess of 2,500, the number returned by him. Since the decisive question is one of fact only a recapitulation of the evidence would be of no benefit.

The final decree contains a provision that complainant shall pay to the attorney for defendant a fee of $500 There is no authority in the law for this provision of the decree and to require its payment by complainant was error.

The decree will be reversed with directions to enter a decree against complainant in favor of defendant for the tax legally assessable against him upon the number of cattle returned and shown by the evidence to have been owned by him in the county at the time of said assessment, namely, 2,500 head, eliminating the, feature of the decree requiring complainant to pay an attorney fee to the attorney of defendant, the cost of the suit to be taxed against defendant.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.