ABRAM WOLKOWSKY, *Appellant,* v. GUTMAN KIRCHICK, ROSA KIRCHICK AND FLORA A. TYNES, *Appellees.*

Opinion Filed February 23, 1923.

Where the decree of the chancellor is not supported by, but is contrary to the evidence, it will be reversed by this court on appeal.

An Appeal from the Circuit Court for Monroe County; H. Pierre Branning, Judge.

Reversed.

*W. Hunt Harris,* for Appellant;

*H. H. Taylor,* for Appellees.

WEST, J.—This is the second appeal of this case to this court. It is a suit to foreclose a mortgage on real estate. The former appeal was from an order overruling exceptions to the answer. This order was affirmed. Wolkowsky v. Kirchick, 81 Fla. 415. The case having been remanded, it proceeded to final hearing upon various stipulations of counsel and testimony taken upon the issues presented. There was a final decree in favor of defendants, from which this appeal is taken.

The answer admits the execution of the mortgage and its validity, but denies that the indebtedness was due and the mortgage foreclosable at the time the suit was instituted. The defense interposed is that prior to the institution of the suit an agreement had been entered into between the mortgagee and mortgagors, by the terms of which the due date of the note was extended to a time later than the institution of the suit, and that the mortgagee had waived the covenant of the mortgagor to insure the premises with loss payable to the mortgagee, and therefore the debt was not due nor was the mortgage foreclosable because of any breach of its conditions by the mortgagors at the time the suit was instituted.

This was an affirmative defense and the burden of establishing it by a preponderance of the evidence rested upon the defendants. American Securities Co. v. Goldsberry, 69 Fla. 104, 67 South. Rep. 862, 1 A. L. R. 15. It is equivocally affirmed by the defendants with slight, if any, corroboration. It is directly and unequivocally denied by the complainant. An examination of the record convinces us that the burden resting upon the defendants has not been sustained. The evidence offered is not of the character required in this class of cases. Where the decree of the chancellor is not supported by the evidence it will

be reversed by this court on appeal. Bass v. Alderman, 82 Fla. 490, 90 South. Rep. 378; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Schmitt v. Bethea, 78 Fla. 304, 82 South. Rep. 817; Howard v. Sheffield, 73 Fla. 358, 74 South. Rep. 488.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.