BASSETT W. MITCHELL, *Appellant,* v. GERTRUDE MITCHELL, *Appellee.*

Division B.

Opinion Filed March 5, 1926.

428

*M. D. Carmichael, Edwin T. Osteen* and *Rufus M. Robbins,* for Appellant;

No appearance for Appellee.

BUFORD, J.—This case is before the Supreme Court on appeal from a final decree entered by the Chancellor in the court below, which decree is in the following language to-wit:

"This matter came to be heard before the Court and it appeared that on June 12th, 1923, bill of complaint, waiver, answer, and application for order of reference were filed before the then Circuit Judge, and order of reference and final decree of divorce were signed by him on the same day; that none of the papers were placed on record, awaiting the payment of some twenty thousand dollars alimony by the complainant; that all of those instruments were presented to the Court on February —, 1924, when the writer declined to enter final decree of divorce, whereupon all papers were filed in the office of the Clerk of the Circuit

Court, except the final decree bearing date June 12, 1923; that testimony was taken before this Court on March 8th, 1924, and then the matter came up for final hearing, and the Court having fully considered this cause and the testimony, and being fully advised in the premises DOTH FIND: that the parties brought about the separation for one year—mutually—and for the purpose of procuring a divorce and that in the alleged desertion and bringing of this suit there is collusion between the parties; that any decree of divorce entered in this cause would simply be a "divorce by consent," contrary to public policy as well as contrary to the purpose and intent of the laws relating to divorce; that the complainant has not established the existence of any willful, obstinate and continued desertion of the complainant by the defendant for one year; therefore, it is

"ORDERED, ADJUDGED AND DECREED that the bill of complaint be and the same is hereby dismissed with prejudice.

"DONE AND ORDERED AT WEST PALM BEACH, FLORIDA, at Chambers, this 2nd day of April, A. D. 1924.
C. E. Chillingworth,<br>JUDGE."

We have carefully considered the testimony produced before the Chancellor.

The rule is, as stated in the case of Wolkowski vs. Kirchick, 85 Fla. 210, 95 So. 611, "Where the decree of the Chancellor is not supported by, but contrary to, the evidence, it will be reversed by this Court on appeal." Which rule has obtained for many years in this jurisdiction.

In the opinion this Court speaking through Mr. Justice PARKHILL in the case of Hudson vs. Hudson, 59 Fla. 529, So. 857, the words "willful" and "obstinate" were defined

thus: ''Willful means on purpose, intentional. Obstinate means determined, fixed, persistent.''

The definitions above quoted were supported by numerous authorities, cited by Mr. Justice Parkhill, and thereafter, have been uniformly accepted as the proper definiitons of these words as used in the statute relative to grounds for divorce.

We find no evidence in the record which proved or tends to prove any mutuality in the separation or that the separation occurred by an agreement between the parties for the purpose of procuring a divorce. We find no evidence of collusion between the parties. We find that the evidence fully establishes the proof of willful, obstinate and continued desertion of the complainant by the defendant for a period of more than one year prior to the institution of the suit and that the court below had jurisdiction of the subject matter and of the parties. See Wright v. Wright, 81 Fla. 456, 87 So. 156.

It is therefore ordered that the decree of the Chancellor made in said cause on the 2nd day of April, A. D. 1924, be and the same is hereby reversed with directions to the Chancellor that a final decree be entered herein adjudging and decreeing absolute divorce of the complainant, Bassett W. Mitchell, from the defendant Gertrude Mitchell, and that the bonds of matrimony heretofore eixsting between the parties be forever dissolved and annulled.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., concurs in the conclusion.

ELLIS AND STRUM, J. J., dissent.

STRUM, J., dissenting.—The testimony in this case was taken before the Chancellor. From that testimony the Chancellor finds as a matter of fact, and expressly recites in the final decree, that "the parties brought about the separation for one year—mutually—and for the purpose of procuring a divorce and that in the alleged desertion and bringing of this suit there is collusion between the parties; that any decree of divorce entered in this cause would simply be a 'divorce by consent,' contrary to public policy as well as contrary to the purpose and intent of the laws relating to divorce; that the complainant has not established the existence of any willful, obstinate and continued desertion of the complainant by the defendant for one year."

There is no doubt as to either the existence or the wisdom of the rule that "where the decree of the Chancellor is not supported by, but is contrary to the evidence, it will be reversed by this court on appeal." Wolkowsky v. Kirchick, 85 Fla. 210; 95 South. Rep. 611. Neither can there be doubt as to either the existence or the wisdom of the converse rule that "the findings of the Chancellor on the evidence will not be disturbed unless such findings of fact are clearly shown to be erroneous." Brickall v. Town of Ft. Lauderdale, 75 Fla. 622; 78 South. Rep. 681.

From an examination of all the evidence, I do not regard it is clearly shown that the Chnacellor is unsupported in his finding of fact "that the complainant has not established the existence of any willful, obstinate and continued desertion of the complainant by the defendant for one year," or that such finding was clearly erroneous. Nor does an examination of the pleadings in the case, and the progress thereof, convince me that the Chancellor was in error in his further finding "that in the alleged desertion and bringing of this suit there is collusion between the parties."

I am of the opinion that the Chancellor should be sustained in his findings, and therefore dissent.

ELLIS, J., concurs.