Argued January 10, reversed March 5, 1929.

## J. E. PARRISH *v.* W. A. KOTTHOFF.

(274 Pac. 1108.)

For appellant there was a brief over the name of *Mr. Guy O. Smith* with an oral argument by *Mr. W. C. Winslow.*

For respondent there was a brief over the names of *Messrs. Hill, Marks & McMahan* and *Messrs. Carson*

& *Carson* with an oral argument by *Mr. John H. Carson.*

RAND, J.—This is an action to recover damages for breach of contract. Plaintiff is a farmer whose principal business consists of buying, raising and fattening sheep for the market. Defendant operates a feed and seed store in the town of Jefferson. Rosen rye is a species of rye which, when sowed, forms stools and is much more valuable for pasturage purposes than common rye which grows only with a single stalk. The testimony tends to show that the difference between the seed grown from Rosen rye and that grown from other varieties of rye can be determined only by experts.

Plaintiff, desiring to purchase a quantity of Rosen rye to sow for pasturage purposes, went to defendant's store to purchase the same and informed defendant of the purpose for which he was ordering it. He was informed by defendant that he did not have it in stock but would obtain it for him. Thereupon, on plaintiff's offer to purchase the same, defendant ordered the quantity desired by plaintiff from the Portland Seed Company of Portland, Oregon, and, upon its receipt, sold and delivered the same in sacks to plaintiff who sowed the same upon rented premises after preparing the land for sowing. At the time of sale and delivery, both plaintiff and defendant believed that the seed was Rosen rye and the mistake was not discovered until after the crop had partially matured, when it was found that the seed sown was common rye and not Rosen rye. As soon as plaintiff ascertained that fact, he gave notice thereof to defendant and shortly thereafter commenced this action, seeking to recover as special damages the amounts

paid as rental for the land, the cost of the seed and the expense of preparing the land for sowing and as general damages the loss resulting to plaintiff's sheep from not having sufficient and proper pasturage for feeding and fattening them. The trial resulted in a verdict and judgment for defendant from which plaintiff has appealed.

Plaintiff assigns as error the admission in evidence, over plaintiff's objection, of testimony of defendant to the effect that at the time of the sale defendant did not know that the seed sold was not Rosen rye and believed that it was Rosen rye, and an instruction given by the court to the effect that plaintiff could not recover in the action unless the jury believed from the evidence that plaintiff, in buying the seed, was relying on defendant's judgment that the seed was Rosen rye.

1–3. The question of plaintiff's reliance upon defendant's judgment was not in the case and it was error for the court to instruct the jury that plaintiff could not recover unless he bought the seed in reliance upon defendant's judgment. Where specified goods are sold in compliance with an order describing the goods and the seller furnishes them, he is held to warrant that the goods are of the kind asked for. In such case it is a substantive part of the contract that the goods shall be of the kind ordered. That is one of the terms of the contract without the fulfillment of which the contract cannot be performed. This rule is not changed by the Uniform Sales Act and is in addition to the implied warranty that the goods shall be fit for the particular purpose to which they are to be applied when that purpose is known to the vendor. Rosen rye is a well known article of trade and it was wholly immaterial in selling it, so far as

defendant's liability is concerned, whether he knew at the time of the sale that the article sold was or was not Rosen rye. Having undertaken to sell plaintiff Rosen rye, defendant's obligation could not be performed without furnishing rye which answered that description. Without plaintiff's consent, defendant could no more substitute another kind of rye for Rosen rye than he could substitute barley or some other kind of grain for rye. He was bound to furnish Rosen rye for that was one of the terms of his contract. In accepting the goods tendered as fulfillment of the contract plaintiff, not being able to determine from an inspection that the seed was not of the kind ordered, relied and had a right to rely upon the description of the goods ordered: *Morse* v. *Union Stock-Yard Co.*, 21 Or. 289 (28 Pac. 2, 14 L. R. A. 157); *Wolcott* v. *Mount*, 36 N. J. Law 262 (13 Am. Rep. 438); *White* v. *Miller*, 71 N. Y. 118 (27 Am. Rep. 13); Id., 78 N. Y. 393 (34 Am. Rep. 544); *Hoffman* v. *Dixon*, 105 Wis. 315 (81 N. W. 491, 76 Am. St. Rep. 916); *Edgar* v. *Breck*, 172 Mass. 581 (52 N. E. 1083); *Ward* v. *Walker*, 44 N. D. 598 (176 N. W. 129); *De Loach Mill Co.* v. *Tutweiler Coal Co.*, 2 Ga. App. 493 (58 S. E. 790); *Allan* v. *Lake*, 18 Q. B. 560; *Johnson* v. *Foley Mill. and Elevator Co.*, 147 Minn. 34 (179 N. W. 488, 16 A. L. R. 856); 1 Williston on Sales (2 ed.), § 183.

Section 8175, Or. L., which is Section 12 of the Uniform Sales Act, Laws 1919, Chapter 91, provides:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement

purporting to be a statement of the seller's opinion only shall be construed as a warranty.''

Section 8177, Or. L., which is Section 14 of said act, provides:

''Where there is a contract to sell or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description, and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if the goods do not also correspond with the description.''

In treating the first of the two sections above referred to, Professor Williston, in 1 Williston on Sales (2 ed.), Section 194, says:

'' * * * The terms 'express' warranty is used in different senses. Sometimes the words are regarded as meaning only such promises as contain the word 'warrant'; sometimes all promises concerning the existing condition of the goods are so called. Frequently, however, in modern times, the term is treated as including all cases where the seller's warranty is derived from express language, no matter whether the language is in form a promise or a representation. This usage is observed in the Sales Act and in this book. The term 'implied warranty' is reserved for cases where the law attaches an obligation to the seller which is not expressed in any form.''

The same author, in Section 205, says:

'' * * * The law, however, is now convincingly settled that descriptive statements do constitute a warranty, whether the seller makes them or whether the buyer in ordering goods makes them and the seller furnishes goods in response to such order; * * .''

In construing Section 14 of the Sales Act, the same author, in Section 223a, says:

''The meaning of the first half of section 14 of the Sales Act depends upon the construction put upon the

words 'a contract to sell or a sale of goods by description.' If these words cover every case where descriptive words are used as an inducement to the bargain, or as one of its terms, then in every such case the section provides for a warranty. On the other hand, if the words quoted above have the narrower meaning suggested in the following section, it will be only to cases that can be brought within this narrower meaning that section 14 will be applicable. The distinction is of no great importance, however, because, as previously shown, a description of the goods which form the subject-matter of a contract of sale is within the meaning of section 12 of the Statute defining express warranty; so that whether reliance is placed on section 12 or on section 14, the result inevitably should be that any descriptive statements, upon which the buyer justifiably relies, constitute a warranty.''

The learned trial judge thought that the case was governed by Section 8178, Or. L., Section 15 of the Sales Act, and not by either of the two sections to which we have referred. The implied warranties arising under Section 8178, if applicable to the facts of a case where goods are sold by description, are in addition to those provided for in the sections referred to. The liability of defendant for selling seed not of the kind ordered did not depend upon plaintiff's reliance upon defendant's judgment as to the variety or kind of seed he was selling but did depend upon the description of the thing sold. Defendant was liable for failure to deliver the goods he agreed to sell. The description was the very thing upon which plaintiff did rely and had a right to rely. It was error for the court to limit defendant's liability by ignoring the warranty arising from the description of the goods and making defendant's liability depend solely upon plaintiff's reliance upon defendant's

judgment as to a matter of which defendant had no knowledge and could not exercise any judgment.

Under the facts proven, it is wholly immaterial whether the action be considered as an action for breach of contract or for breach of warranty, for if treated as one or the other defendant is liable for his failure to furnish the kind or variety of seed which he had agreed to sell and there is no difference in the damages recoverable therefor.

4. Since the case will have to be retried, we deem it proper to say that the true measure of damage is the difference between the value of the crop which plaintiff raised and a crop of Rosen rye: *Edgar* v. *Breck, supra; Wolcott* v. *Mount, supra; White* v. *Miller, supra; Johnson* v. *Foley Mill. and Elevator Co., supra;* note, 16 A. L. R., p. 887.

It follows that the judgment of the Circuit Court must be reversed and the case will be remanded to the court below for such further proceedings as are not inconsistent herewith.                    REVERSED.

COSHOW, C. J., and McBRIDE and ROSSMAN, JJ., concur.