## VALLEY STAR SEED & GRAIN PRODUCTS CO. v. BELL.

### No. 9622.

Court of Civil Appeals of Texas. San Antonio.

Nov. 20, 1935.

Rehearing Denied Dec. 18, 1935.

Polk & Thompson, of Pharr, and W. H. Gassage, of San Juan, for plaintiff in error.

Mitchell & Hartley, of McAllen, for defendant in error.

MURRAY, Justice.

Defendant in error, J. G. Bell, instituted this suit in the district court of Hidalgo county seeking to recover from plaintiff in error, Valley Star Seed & Grain Products Company, damages allegedly suffered by him as a result of plaintiff in error's selling to him 115 pounds of carrot seed which were warranted to be Danvers Half Long carrot seed, but which were in fact mixed seed.

The cause was tried to a jury, and upon the jury's answers to the special issues submitted to them the trial judge rendered judgment in favor of defendant in error for $797.40; from which judgment the Valley Star Seed & Grain Products Company brings this writ of error.

Defendant in his second amended original petition alleged that he purchased 115 pounds of carrot seed from plaintiff in error; that these seed were sold to him as Danvers Half Long carrot seed. He further alleged that he purchased 40 pounds of carrot seed from one Frank Thomason; and that the 115 pounds and the 40 pounds of carrot seed were mixed together, thus producing 155 pounds; that of this mixture 16 pounds were planted, which did not produce a good stand and were plowed under, thus leaving 139 pounds; that these 139 pounds of seed were used in planting 54.2 acres of land; that the carrots produced from the seed proved to be mixed carrots, and not Danvers Half Long carrots; that the purchase and use of the 139 pounds of carrot seed resulted in $2,155.35 damages; that of said 139 pounds of seed actually planted, about 103 pounds came from plaintiff in error and 36 pounds came from Mr. Thomason; and that, therefore, the damages caused by the 103 pounds of seed amounted to $1,597.35.

The trial judge sustained exceptions as to that part of the allegations which related to seed purchased from Thomason, although it was alleged that Thomason had in turn purchased these seed from plaintiff in error. Whereupon, and to meet the ruling of the court, defendant in error filed a trial amendment in which he made no mention of the Thomason seed, but simply alleged that he planted 103 pounds of carrot seed, purchased direct from plaintiff in error, on 40.8 acres of land; that the carrots harvested from said 40.8 acres of land sold for $1,599.99, less than they would have sold for had the seed planted on said 40.8 acres of land been Danvers Half Long carrot seed.

It is to be gleaned from the entire record that the allegations contained in the amended petition contain the true facts as to how the seed were mixed and planted, and that the allegations contained in the trial amendment are not the true facts, but were alleged to comply with what defendant in error's attorney understood to be the ruling of the trial judge.

Defendant in error's real complaint was that the carrots which were produced were mixed carrots and not Danvers Half Long carrots. The evidence does not show what per cent. of the crop was Danvers Half Long carrots and what per cent. was of other varieties. The only evidence that the seed were not as represented is that the carrots produced from the seed were mixed carrots.

In view of the admissions contained in the amended petition, that the seed purchased from plaintiff in error were mixed with

the seed purchased from Thomason, and the seed thus mixed were planted on 54.2 acres of land, we conclude that the evidence is insufficient to show that the seed purchased from plaintiff in error were not Danvers Half Long carrot seed. Defendant in error based his contention that the seed were not as represented upon the fact alone that when the carrots came up they were found to be of a mixed variety. It is not shown what part were Danvers Half Long carrots and what part were not of that variety. In other words, all that the evidence really shows is that defendant in error planted mixed seed and grew mixed carrots.

We feel that this cause has not been fully developed, and, therefore, the judgment of the trial court will be reversed and this cause remanded for a new trial.