## VALLEY STAR SEED & GRAIN PRODUCTS CO. v. BELL.

### No. 10279.

Court of Civil Appeals of Texas. San Antonio.

May 18, 1938.

L. J. Polk, of Pharr, for appellant.

Mitchell & Hartley, of McAllen, for appellee.

MURRAY, Justice.

This is the second appeal of this cause; opinion of this Court on the first appeal is found in 88 S.W.2d 585. By that opinion this cause was reversed and remanded for a new trial; after the cause was remanded to the trial court, appellee, J. G. Bell, filed his third amended original petition changing many of the allegations contained in his pleadings on the first trial. By this third amended original petition appellee, Bell, alleged that he ordered 115 pounds of Danvers Half Long carrot seed from the appellant, Valley Star Seed & Grain Products Company; that he received carrot seed from appellant and planted them on 39.42 acres of land; that the seed were not the kind of seed ordered; that if the seed had been the kind of seed ordered by appellee he would have realized from the crop grown from the seed, the sum of $1,971; that he only realized from the crop which he did grow, the sum of $436.45; whereby he was damaged in the sum of $1,534.55.

The jury by their verdict found these allegations to be true and judgment was rendered in favor of appellee and against appellant in the sum of $1,534.55, from which judgment the Valley Star Seed & Grain Products Company has prosecuted this appeal.

Appellant's first contention is that the proper measure of damages has not been applied in this case. It contends that the proper measure of damages would be the value of the crop which would have been grown, if the seed had been the kind of seed contracted for, less the value of the crop actually grown and the cost of cultivating, irrigating and gathering the crop. We overrule this contention. The evidence shows that the expense of cultivating and irrigating the crop was the same, regardless of the character of seed furnished. It further shows that the crops were sold in the field, and that the cost of gathering is borne by the purchaser of the crops. It therefore becomes apparent that

the proper measure of damages has been applied in this case. Tex.Jur., Vol. 13, p. 103; Austin Mill & Grain Co. v. Lambert, Tex.Civ.App., 245 S.W. 767; Itasca Roller Mill & Elevator Co. v. Wooten, Tex.Civ. App., 246 S.W. 678; American Warehouse Co. v. Ray, Tex.Civ.App., 150 S.W. 763, 765; Johnson v. Foley Milling & Elevator Co., 147 Minn. 34, 179 N.W. 488, 16 A. L.R. 856.

Appellant next contends that the evidence shows that the seed bought from appellant were planted on the same ground with seed bought from other sources and that, therefore, there was no possible way for the jury to tell what percentage of the crop was produced from seed purchased from appellant, and that the jury's verdict was based upon pure surmise, guesswork and conjecture. We overrule this contention. The evidence shows that the seed purchased from appellant were planted on 39.42 acres of land, and that the crop raised therefrom was sold in the field, for $436.45. There was no evidence that the seed purchased from appellant were mixed with seeds purchased from other sources, and it was further shown that the allegations with reference to mixing the seed contained in the pleadings at the former trial were due to a misunderstanding between the appellee and his attorney who drew the pleadings.

The judgment is supported by the evidence and will be accordingly affirmed.