CARROLL, CHAS., Chief Judge.
Appellant, who was the plaintiff in the lower court, has appealed from a final decree rendered in an equity suit for dissolution of a corporation and accounting.
A receiver was appointed and an injunction granted. Later the receiver was discharged and the injunction dissolved.
The defendants answered, and counterclaimed for an accounting and to recover defendants’ attorney fees for wrongful issuance of the order appointing the receiver and granting the injunction.
The final decree denied relief to the plaintiff, dismissed his suit, and charged certain costs against him. On the counterclaim, the decree allowed and taxed defendants’ attorney fees, saying defendants “are awarded the fees of their counsel of record now taxed in the amount of Twenty Five Hundred Dollars, and their expenses herein incurred and now taxed in the amount of Five Hundred Twenty ($520.00) Dollars, and the plaintiff and counterde-fendant, Joseph Hoffman, is directed to pay said monies to the counterclaimants’ counsel of record forthwith; * * *” and the decree then made the attorney’s fees and expenses a lien on the plaintiff’s interest in the corporation.
Having heard argument and examined the record with reference to the assignments of error, we are of the view that they are without merit except as to the taxing of attorney’s fees and charging them against the plaintiff.
*356 There was no agreement or statute to support an allowance or taxing of attorneys’ fees. [1]
In Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892, 895, the Supreme Court said:
“Attorney’s fees can not be charged, as a general rule, in the absence of statutory authority, unless the defendant is bound for their payment by contract. As stated in 15 C.J. 114:
“ ‘The general rule requires each party to the litigation to pay his own counsel fees. Attorney’s fees are not allowable in the absence of a statute or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and it has been held that the rule applies equally in Courts of Law and in Courts of Equity.’ ”
See, also, Gregory v. Woodbery, 53 Fla. 566, 43 So. 504; Bass v. Alderman, 82 Fla. 490, 90 So. 378; State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668; Webb v. Scott, 129 Fla. Ill, 176 So. 442; Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160; and Phoenix Indemnity Co. v. Union Finance Co., Fla.1951, 54 So.2d 188.[2]
Accordingly, the decree is affirmed except as to paragraphs numbered four and five thereof assessing and taxing defendants’ attorney fees against the plaintiff-appellant, as to which the decree is reversed.
Affirmed in part and reversed in part.
HORTON and PEARSON, JJ., concur.

. Section 64.16, Fla.Stat., F.S.A., allowing a court to assess defendant’s damages (which would include attorney’s fees) under an injunction bond in the main suit, upon dissolution, was not applicable here. The injunction was issued July 6, 1956, without notice and without requiring bond. Bond was moved for and ordered August 6. The bond was not filed, and for that reason the injunction was dissolved August 8.

. Assessing attorney’s fees under Section 64.16, id., is not contrary to the rale announced in this opinion, because such an allowance under that statute is based on a contract obligation of a bond.