BARKDULL, Judge
(dissenting).
I respectfully dissent. In this case, the defendant appeals from an adverse final judgment entered on a jury verdict. The complaint by the plaintiff in the trial court sounded in tort, alleging malicious prosecution and wrongful garnishment.
The record reveals that while Luraline Products Corporation held a check in full payment of outstanding balances due from Architectural Lighting, Inc., and when the principal officer of Luraline had no reason to doubt the validity of the check, it caused a proceeding to be instituted in the Civil Court of Record seeking to collect the full balance of its outstanding account plus attorney’s fees, which it alleged it was entitled to because of certain notations contained on delivery tickets. Upon four writs of garnishment being issued and executed, counsel for the respective parties arrived at a settlement of the matter, which indicated that Luraline was (1) not entitled to collect any attorney’s fees, (2) that the check in its possession was good, and (3) that the garnishment had been wrongfully issued. Counsel confirmed their settlement with a letter, as follows:

“In consideration of your obtaining an Order dismissing any writs of garnishment issued in that case now pending in the Civil Court of Record captioned Luraline Products Corporation, a Florida corporation v. Architectural Lighting., Inc., etc. (65-7200) the defendant, agrees not to bring any action or claim against the plaintiff or its attorneys on account of the issuance of the writs of garnishment. The Order must be entered by Friday, December 31, 1965.
“Please mail a copy of the Order to each of the persons that you served a writ of garnishment upon.”
* * * * * *
Notwithstanding the provision contained therein that Architectural would give up any rights of which it might be possessed in the nature of a wrongful garnishment or malicious prosecution action in the event the writs were discharged by December 31st, [Luraline failed to perform until January 7th] the instant action was then instituted in the trial court on the two theories as indicated, and the jury returned a verdict in favor of the appellee for compensatory and punitive damages. The appellant has preserved several points for review on appeal. The principal thrust of the appellant’s argument on appeal is that there was a settlement of the civil court of record action, and this should have prevented the subsequent action sounding in tort. I do not agree.
There was an offer to settle upon certain conditions. Contained in the offer was a recognition of a right to sue for malicious prosecution or wrongful garnishment, which right Architectural would give up in exchange for the writs of garnishment being dissolved by December 31st. The writs were not dissolved by such date and, therefore, Luraline should have remained *505 liable for any tortious conduct. The appellant contends that notwithstanding the admitted failure to secure the dismissals by December 31st, they ultimately received a benefit. Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892; C. W. Kistler Co. v. Hotel Martinique, Inc., Fla.1950, 44 So.2d 288; Hoffman v. Barlly, Fla.App.1957, 97 So.2d 355; Adler v. Segal, Fla.App.1959, 108 So.2d 773; Edgar v. Joseph Breck & Sons Corp., 172 Mass. 581, 52 N.E. 1083; Vol. 1, Corbin on Contracts, § 71.
It was no benefit for the appellee tó have the writs of garnishment continued beyond December 31st. As long as they were outstanding, its credit reputation was being affected and the effect of the delay was to continue the prejudicial writs. I would affirm.