SPECTOR, Judge.
Appellant seeks reversal of a judgment rendered pursuant to a jury verdict in an action for breach of contract brought by appellee.
The amount claimed by appellee as damages was $14,800.00, and the verdict and judgment thereon was for $10,360.00. The damages arose from appellant’s breach of an agreement whereunder he promised to buy back ten thousand music cartridge tapes for $2.00 each that he had induced appellee to buy for $1.40 each. Apparently, the tapes were from a stock that was being liquidated and were offered at what appeared to be an attractive price to appel-lee. The evidence adduced at the trial reflects that appellant’s written promise to purchase the tapes back at the rate of one thousand tapes a week at the $2.00 rate until they were all disposed of by either party was in the nature of an inducement to facilitate the making of the sale in the first place.
Notwithstanding his promise, appellant repurchased only 2,600 tapes at $2.00 each, leaving appellee stuck with the remaining 7,400 tapes, which the evidence showed were commercially worthless. Although plaintiff sued for the balance due on the remainder, the jury obviously felt that all the damage suffered by plaintiff was the loss of its investment and therefore rendered a verdict in an amount calculated to enable plaintiff to recoup its total investment made in consideration of appellant’s promise.
The sole issue raised by appellant in this appeal is the contention that the court committed reversible error in refusing to give appellant’s requested instruction number 7 relating to liquidated damages. The' written agreement which appellant contends provides for liquidated damages reads as follows:
“I - promise and guarantee to take a minimum of 1000 tapes a week from the above date until the original order of 10,000 tapes purchased from Nicholson Sales Co. is bought by us or sold by the Coquina Auction Barn and members. I guarantee this to be valid and will forfeit 1000 tapes of my own if this is not consumated and completed at ($2.00) Two Dollars per tape.
s/J. E. Demont”
The language of the above agreement is not sufficiently explicit to place the appel-lee on notice that it would be limited in its quest for damages in the event of a breach by appellant to liquidated damages consisting of the “1,000 tapes of my own” referenced in the agreement. That provision is neither referred to as a penalty nor as liquidated damages. The evidence adduced in the trial of this cause makes it clear that the appellee would not be made whole nor be the recipient of just compensation for the injury resulting from appellant’s breach of the contract if the court were to construe the clause in question as one providing for liquidated damages. To consider the forfeiture provided in the agreement as liquidated damages would collide with the principles enunciated in Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 541, relied on by appellant himself, which states:
“(6) All this is but another way of saying that in the final determination of the question whether or not a stipulation should be construed as providing for a penalty or for liquidated damages the guiding principle for the courts to observe should be that of ‘just compensation’ for injury resulting from the *588 breach of the contract, and the controlling object should be to place the injured party in as advantageous position as he would have occupied had his contract not been broken.”
It is well settled that whether a contract provides for a penalty or liquidated damages in the event of a breach is a question of law for the court, Pembroke v. Caudill, supra, and considering the circumstances of the transaction between these parties we cannot say that the trial court erred in ruling that the contract did not call for liquidated damages. Accordingly, the judgment appealed herein is
Affirmed.
WIGGINTON, Acting C. J., and BOYER, J., concur.