PER CURIAM.
This is an appeal from an order granting motion for judgment on pleadings in an action where appellant alleged that appellee had violated the terms of a trust agreement executed by the parties.
Appellant and . appellee, formerly married, are co-trustees of a trust of family property, both real and personal. Appellant’s complaint alleged that appellee had violated the terms of the trust agreement by (1) not re-investing or dividing equally with appellant net income from investment of trust property, (2) not paying alimony and child support from farming income, (3) not reinvesting or dividing equally income obtained from selling or renting property in the trust corpus, (4) not providing an annual accounting, (5) not paying fire insurance premiums on the home appellant lived in, and (6) selling trust property without appellant’s written consent. Appellee denied all but three of the allegations. He admitted he had refused an accounting, stating that none was necessary as there had never been any trust income; he admitted not paying fire insurance premiums but denied that such was his obligation. He denied not paying alimony and child support.
Upon review of the allegations contained in appellant’s complaint and those in appellee’s answer, we conclude that the lower court erred in granting appellee’s motion for judgment on the pleadings. The test to be applied in determining the propriety of granting a motion for judgment on the pleadings is the same as if the defendant moved to dismiss the complaint for failure to state the cause of action. Butts v. State Farm Mutual Automobile Insurance Co., 207 So.2d 73 (Fla. 3d DCA 1968). Moreover, before granting such motion, the court may not consider matters outside the pleadings. Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965).
Accordingly the order is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
MILLS, Acting C. J., and ERVIN and BOOTH, JJ., concur.