370 So.2d 61 (1979)
Paul C. VARNER, Appellant,
v.
B. L. LANIER FRUIT CO., INC., Appellee.
No. 78-1439.
District Court of Appeal of Florida, Second District.
April 20, 1979.
*62 Harry E. King of King, Kaylor & Thornhill, P.A., Winter Haven, for appellant.
Kingswood Sprott, Jr. of Sprott & Groseclose, Lakeland, for appellee.
GRIMES, Chief Judge.
This appeal involves the enforceability of a liquidated damage clause.
According to the complaint, the parties entered into a written contract in which the grower agreed to sell and the buyer agreed to pick and buy all of the fruit of merchantable quality from the grower's grove on or before February 9, 1977. The agreement contemplated the sale of approximately 22,000 boxes and specified the price to be $1.25 per box. The contract contained the following clause:
The Buyer has this day advanced to the Grower the sum of $11,000, the receipt of which is hereby acknowledged by the Grower which sum is an advance and part payment for said fruit at the price above stated. All fruit at the price aforesaid shall be paid for from time to time as the fruit is picked, or within 10 days thereafter. Should Buyer fail to comply with the terms and conditions herein enumerated this contract shall therefore become null and void and the advance made to the Grower shall be retained by said Grower in full payment of liquidated damages.
The grower alleged that the buyer picked 12,000 boxes but failed or refused to pick the remainder as required by the contract. There were 9,500 boxes of merchantable fruit left on the trees which the grower was unable to sell elsewhere. The buyer had paid the grower $16,000 on account of the agreement. The grower claimed damages from the buyer for breach of contract.
The buyer obtained a judgment on the pleadings on the premise that the grower was limited to the recovery of the $11,000 liquidated damages specified in the foregoing provision, and that the grower had already collected a sum in excess of that amount. We reverse.
This transaction was controlled by Article 2 of the Uniform Commercial Code, Chapter 672, Florida Statutes. See Sections 672.102, 105(1), 107(2), Florida Statutes (1975). On the subject of liquidated damages, Section 672.718(1), Florida Statutes (1975), states:
(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.
This is consistent with pre-Code law. See Hyman v. Cohen, 73 So.2d 393 (Fla. 1954). Although there is no specific reference to the possibility of an unreasonably small liquidated damage figure, the official comment under this section notes:
A term fixing unreasonably large liquidated damages is expressly made void as a penalty. An unreasonably small amount would be subject to similar criticism and might be stricken under the section on unconscionable contracts or clauses.
The section on unconscionable contracts or clauses is Section 672.302(1), Florida Statutes (1975), which states:
(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
*63 While most cases on liquidated damages occur where the stipulated sum is unreasonably high, there are some pre-Code decisions in which the complaining party demonstrated that the liquidated figure was so inadequate as to justify the court permitting him to recover his actual damages. Bonhard v. Gindin, 104 N.J.L. 599, 142 A. 52 (1928); Manley Auto Co. v. Jackson, 115 Or. 396, 237 P. 982 (1925); Palestine Ice, Fuel & Gin Co. v. Walter Connally & Co., 148 S.W. 1109 (Tex.Civ.App. 1912); cf. Demont v. Charlotte Associates, Inc., 286 So.2d 586 (Fla. 1st DCA 1973). Here, then, the grower would be entitled to a further recovery if he can prove the unconscionability of the liquidated damages clause.
Absent a finding of unconscionability, the grower may still find relief in Section 672.719(2), Florida Statutes (1975), which provides:
(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this code.
There may have been good reason to enforce the liquidated damages provision in this case had the buyer utterly failed to perform the contract. However, according to the complaint the buyer had already picked enough fruit to use up the deposit. If the grower's recovery is limited to the amount of the deposit, he will be entitled to no damages whatsoever for the buyer's failure to pick the remaining 9,500 boxes.[1] Therefore, this could easily be a case in which the circumstances have caused an exclusive or limited remedy to fail of its essential purpose so as to permit the grower to pursue the other remedies provided by the Code. See Sections 672.703-710, Florida Statutes (1975).
The test to be applied in determining the propriety of a judgment on the pleadings for the defendant is the same as if the defendant had moved to dismiss the complaint for failure to state a cause of action. Chance v. Chance, 362 So.2d 165 (Fla. 1st DCA 1978). Upon the principles set forth above the grower clearly alleged a cause of action.[2]
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.
NOTES
[1] We recognize that the grower is now $1,000 ahead because he has received $16,000 for $15,000 worth of fruit.
[2] Our decision is in harmony with a pre-Code case involving facts remarkably similar to those in this case. Kuharske v. Lake County Citrus Sales, 44 So.2d 641 (Fla. 1949).