UPCHURCH, F.D., Jr., Judge, Retired,
dissenting.
I respectfully dissent. Section 475.484, Florida Statutes (1985) provides:
(1) Any person who meets all of the conditions prescribed in s. 475.482(1) or (2) may apply to the commission to cause payment to be made to such person from the Real Estate Recovery Fund.
(a) Under s. 475.482(1), in an amount equal to the unsatisfied portion of such person's judgment of $25,000, whichever is less, but only to the extent and amount reflected in the judgment as being actual or compensatory damages; or
(b) Under s. 475.482(2), in an amount equal to the judgment against the broker or salesman or $25,000, whichever is less.
Attorney’s fees do not qualify as actual or compensatory damages as provided in section (l)(a) above. See Dickson v. Feiner’s Organization, Inc. 200 So.2d 269 (Fla. 4th DCA 1967); Hoffman v. Barlly, 97 So.2d 355 (Fla. 3d DCA 1957). The analogy of the Recovery Fund to that of an indem-nitor is convenient but inappropriate. The Recovery Fund is funded by contributions from the fees collected for such purpose from the license fees for brokers and salesmen. § 476.482(3), Fla.Stat. (1985). However, it was never intended to indemnify a person for all his losses arising from the *149 actions of a broker or salesman.[1] I would affirm the administrative order.

. For example, section 475.484 limits the maximum recovery for actual or compensatory damages to $25,000.