# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

David N. Hydorn
and Faylee Hydorn,
d/b/a The Rocking Horse
and The Rocking Horse Gallery

v.

Rocking Horse Classics, Inc.,
James Payne,
and Rhonda Payne

June 25, 1997

Case No. CH97-41

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the petition of the Complainants, David Hydorn et al., d/b/a "The Rocking Horse" and "The Rocking Horse Gallery," to prohibit, Rocking Horse Classics, Inc., d/b/a "Rocking Horse Classics," from operating a commercial retail business in the City of Fredericksburg, Virginia, for the sale of bears, dolls, and other collectibles under the name "Rocking Horse." The Court, after having conducted a evidentiary hearing and considered the arguments and post-hearing briefs of counsel, issues the following Opinion and Order.

*Statement of Fact*

The Complainant, David Hydorn, has operated a commercial retail business in the City of Fredericksburg for more than fourteen years. The Complainant's first store was called "The Rocking Horse" and opened in 1982 at 721 Caroline Street, Fredericksburg, Virginia. This store specialized in the sale of collectible bears and other toys and was identified by a sign depicting a rocking horse. In 1992, the Complainant opened a second store at

803 Caroline Street in the City of Fredericksburg which specialized in the sale of what the Complainant described as "upscale" teddy bears and dolls. This store was called "The Rocking Horse Gallery." The Complainant's retail store at 721 Caroline Street was subsequently closed. Over the years, a number of merchants in the central business district of the City of Fredericksburg simply referred to "The Rocking Horse Gallery" as "The Rocking Horse."

During the 1990s, the Complainant's collection of "specialty" and one-of-a-kind teddy bears, as well as marketing techniques, has brought national attention and awards. Artists throughout the United States market their one-of-a-kind bears through the Complainant. Rocking Horse Gallery sponsors exhibits and demonstrations throughout the year, which attract hundreds of artists and collectors from across the country. (See Plt. Ex. 1, 1d and 3a.)

In February 1997, the Respondents opened a store called "Rocking Horse Classics" at 804 Caroline Street in the City of Fredericksburg. This store is located directly across the street from the Complainant's retail store, "The Rocking Horse Gallery." The Respondents sell a variety of items at its "Rocking Horse Classics" store, including teddy bears and dolls. Shortly after opening the store, The Rocking Horse Classics displayed a "bear flag" on the front exterior of its store.

The Respondent's Fredericksburg retail store is one of four commercial operations. The three other stores are located in Woodbridge, Occoquan, and Alexandria, Virginia, respectively. Rocking Horse Classics, Inc., is a Virginia corporation that came into existence in 1988. The owners of the corporation began using the trade name "Rocking Horse Classics" for a commercial retail business in 1986. The Respondents sell a wider variety of items than the Complainants. The Respondents include rocking horses in their commercial inventory; the Complainants do not. The signs of the two parties differ greatly with respect to color and design. The Complainant's sign does not contain a logo; the Respondent uses a rocking horse as a logo on its sign.

The principle items sold by both parties are teddy bears and dolls. As a general rule, the teddy bears and dolls sold by the Complainants are in a higher price range than those of the Respondents.

### Question Presented

The question before this Court is, under Virginia Law, does the Respondents' use of its corporate and trade name in the City of Fredericksburg, "Rocking Horse Classics," constitute unfair competition with the Complainants' commercial business, "The Rocking Horse Gallery"?

*Opinion*

In order to protect a trade name, the merchant must demonstrate that its trade name has acquired a "secondary meaning" and there must be a clear resemblance between its trade name and the name of the second party so that the resemblance is likely to confuse a prospective customer exercising ordinary care and caution in his commercial dealings. *Rosso and Mastracco v. Giant Food Shopping Center*, 200 Va. 159 (1958); *Shutzman v. C. A. Nash and Son, Inc.*, 189 Va. 438 (1949).

In this case, the word "rocking horse" does not describe the type of merchandise sold by either of the parties. While the Respondent does in fact sell some rocking horses, the evidence is that such sales are a minute portion of its business. The "rocking horse" has been described in this case as "fanciful" by an expert witness who testified in this case. The word neither describes the type of store or the general merchandise sold therein. Indeed, a decision by the Circuit Court for the City of Richmond seems to support this conclusion. In the case of *Cimarron's Old South Corp. v. Traveller's Alley Cafe, Inc.*, 18 Va. Cir. 436 (City of Richmond 1990), the Court found that the use of word "traveller" was not descriptive of the restaurant business but was instead "fanciful." Accordingly where a mark is "fanciful" in that it does not relate directly in its inherent meaning with the goods or services to be provided, then it is considered "a strong mark" and is more susceptible to acquisition of a secondary meaning. The evidence before this Court through testimony of merchants and documents contained in Plaintiff's Exhibit No. 1 clearly demonstrate that the Complainant's good will and marketing techniques have caused the words "rocking horse" to become synonymous or require a secondary meaning with "Rocking Horse Classics" in the Fredericksburg, Virginia, area.

The Fairfax County Circuit Court, in the case of *International Income Properties, Inc. v. Combined Properties, L.P.*, 18 Va. Cir. 545 (Fairfax 1987), found the second prong of unfair competition when it stated:

> "unfair" is not necessarily synonymous with "intent to deceive." Use of the name is unfair if it diverts trade or confuses the public, results which may occur in spite of good faith on the part of the infringer. Therefore, the Plaintiff need not prove deception or fraudulent intent, but only that the names are similar and confusing.

This Court finds that, even though no consumer or customer testified that they had been confused by the two names, that the use of the term "rocking horse" by businesses that are directly across the street from one another,

under the facts and circumstances of this case, is likely to confuse a member of the general public who is exercising ordinary care in the conduct of retail shopping. This Court further finds and adopts the opinion of the expert witness that there is nothing grammatically significant in the words "gallery" and "classics" that would cause a member of the general public to be able to differentiate between Complainant's and Respondent's stores.

The Respondent relies on the testimony of the Complainant arguing that, in fact, these two stores do not "compete" with one another. Complainant's testimony was based on the observation that the price range of the bears and dolls sold in both stores was sufficiently different. The differences in price range would not be a factor that would allow a consumer who is standing on the sidewalk within sight of both stores to be able to differentiate as to which store had been in existence in the City of Fredericksburg, with years of good will and a positive reputation in the area, from the store that opened four months ago.

It is therefore adjudged, ordered, and decreed that the Respondent, Rocking Horse Classics, Inc., is enjoined from using the word "rocking horse" as a trade name within the City of Fredericksburg, Virginia.